# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

BILLIE ANGO,

*Petitioner,*

v.

No. 03-1052

JOHN ASHCROFT, Attorney General,

*Respondent.*

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A78-344-061)

Submitted: July 7, 2003

Decided: July 28, 2003

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**COUNSEL**

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Earle B. Wilson, Senior Litigation Counsel, Robbin K. Blaya, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Billie Ango, a native and citizen of Gabon, petitions for review of an order of the Board of Immigration Appeals ("Board"). The order affirmed, without opinion, the immigration judge's order denying Ango's applications for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Ango first challenges the immigration judge's finding that his asylum application was untimely and that he failed to demonstrate a change in circumstances or extraordinary circumstances excusing the late filing. *See* 8 U.S.C. § 1158(a)(2)(B) (2000); 8 C.F.R. § 1208.4(a)(4), (5) (2003). We conclude that we lack jurisdiction to review this claim pursuant to 8 U.S.C. § 1158(a)(3) (2000). *See Tsevegmid v. Ashcroft*, 318 F.3d 1226, 1229-30 (10th Cir. 2003); *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002); *Fahim v. United States Attorney Gen.*, 278 F.3d 1216, 1217-18 (11th Cir. 2002); *Ismailov v. Reno*, 263 F.3d 851, 854-55 (8th Cir. 2001).

Ango next challenges the immigration judge's finding that he failed to meet his burden of proof to qualify for withholding of removal or protection under the Convention Against Torture. Based on our review of the record and the immigration judge's decision denying relief, we find that the immigration judge did not err in finding that Ango failed to show a "clear probability of persecution" or show that it is "more likely than not" that he would face torture if returned to Gabon. *See* 8 C.F.R. § 1208.16(c)(2) (2003) (stating that to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal"); *Rusu v. INS*, 296 F.3d 316, 324 n.13 (4th Cir. 2002) ("To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion.").

Finally, Ango claims that the Board erred in affirming the decision of the immigration judge without opinion, after review by a single

Board member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(a)(7) (2003). To the extent that Ango argues that the summary affirmance procedure violates his rights under the Due Process Clause, we find this challenge to be without merit. *See Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir. 2003); *Mendoza v. United States Attorney Gen.*, 327 F.3d 1283, 1288-89 (11th Cir. 2003); *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003); *Gonzalez-Oropeza v. United States Attorney Gen.*, 321 F.3d 1331, 1333-34 (11th Cir. 2003); *Albathani v. INS*, 318 F.3d 365, 375-79 (1st Cir. 2003); *cf. Khattak v. Ashcroft*, 332 F.3d 250, 253 (4th Cir. 2003) (rejecting a retroactivity challenge to the Board's summary affirmance procedure and concluding that "allowing summary opinions in clear cases is nothing more than a procedural change that does not affect substantive rights"). We further reject Ango's argument that the Board violated his due process rights in deciding to streamline his particular case and find that summary affirmance was appropriate in his case under the factors set forth in 8 C.F.R. § 1003.1(a)(7)(ii).

Accordingly, we deny Ango's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*