**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JUDITH ATUH TANJOH; SERGE MBAH
TIKUM; MARIE NOEL TIKUM;
EMMANUEL TIKUM,

$\left.\phantom{\begin{matrix}a\\b\\c\\d\\e\\f\end{matrix}}\right\}$

*Petitioners,*

v.

JOHN ASHCROFT, Attorney General,

*Respondent.*

No. 03-1088

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A76-418-203, A76-418-205, A76-418-206, A76-418-207)

Submitted: August 26, 2003

Decided: September 17, 2003

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

### COUNSEL

David Goren, LAW OFFICE OF DAVID GOREN, Silver Spring, Maryland, for Petitioners. Robert D. McCallum, Jr., Assistant Attorney General, Civil Division, Linda S. Wendtland, Assistant Director, Norah Ascoli Schwarz, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Judith Atuh Tanjoh and three of her children,* all natives and citizens of Cameroon, petition for review of an order of the Board of Immigration Appeals ("Board"). The order affirmed, without opinion, the immigration judge's order denying Tanjoh's applications for asylum and withholding of removal. For the reasons discussed below, we deny the petition for review.

Tanjoh first claims that the Board abdicated its responsibility to provide a reasoned opinion in affirming the decision of the immigration judge without opinion, after review by a single Board member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(a)(7) (2003). We have reviewed Tanjoh's challenges to the Board's use of this streamlined procedure and find them to be without merit. *See Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir. 2003); *Mendoza v. United States Att'y Gen.*, 327 F.3d 1283, 1288-89 (11th Cir. 2003); *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003); *Gonzalez-Oropeza v. United States Att'y Gen.*, 321 F.3d 1331, 1333-34 (11th Cir. 2003); *Albathani v. INS*, 318 F.3d 365, 375-79 (1st Cir. 2003); *cf.Khattak v. Ashcroft*, 332 F.3d 250, 253 (4th Cir. 2003) (rejecting a retroactivity challenge to the Board's summary affirmance procedure and concluding that "allowing summary opinions in clear cases is nothing more than a procedural change that does not affect substantive rights").

Next, the immigration judge found that Tanjoh's asylum claim was untimely and that she failed to offer any explanation to demonstrate a change in circumstances or extraordinary circumstances excusing the late filing of her application for asylum. *See* 8 U.S.C.

---

*Tanjoh's three children make no independent claim separate from hers; thus, all references we make to petitioners will name only Tanjoh.

§ 1158(a)(2)(B) (2000); 8 C.F.R. § 1208.4(a)(4), (5) (2003). Tanjoh has failed to challenge this ruling in her opening brief. We conclude that we lack jurisdiction to review the immigration judge's ruling pursuant to 8 U.S.C. § 1158(a)(3) (2000). *See Tsevegmid v. Ashcroft*, 318 F.3d 1226, 1229-30 (10th Cir. 2003); *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002); *Fahim v. United States Att'y Gen.*, 278 F.3d 1216, 1217-18 (11th Cir. 2002); *Ismailov v. Reno*, 263 F.3d 851, 854-55 (8th Cir. 2001).

Finally, while we do not have jurisdiction to consider the denial of Tanjoh's asylum claim as untimely, we retain jurisdiction to consider the denial of Tanjoh's request for withholding of removal as it is not subject to the one-year time limitation. *See* 8 C.F.R. § 1208.4(a) (2003).

"To qualify for withholding of removal, a petitioner must show that [she] faces a clear probability of persecution because of [her] race, religion, nationality, membership in a particular social group, or political opinion." *Rusu v. INS*, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (*citing INS v. Stevic*, 467 U.S. 407, 430 (1984)). The immigration judge denied Tanjoh's request for withholding of removal on the grounds of lack of credibility and an absence of critical corroboration. Based on our review of the record and the immigration judge's decision denying relief, we find that the immigration judge did not err in finding that Tanjoh failed to show a "clear probability of persecution" if returned to Cameroon. *See Rusu v. INS*, 296 F.3d 316, 324 n.13 (4th Cir. 2002) ("To qualify for withholding of removal, a petitioner must show that [she] faces a clear probability of persecution because of [her] race, religion, nationality, membership in a particular social group, or political opinion.").

Accordingly, we deny Tanjoh's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*