# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3239

_____

Vladimir Ismailov,                           *
                                             *
                Petitioner,                  *
                                             *  Petition for Review of an
        v.                                   *  Order of the Board of
                                             *  Immigration Appeals.
Janet Reno,[1] Attorney General, U.S.        *
Department of Justice; Doris Meissner,[2]    *
Commissioner, Immigration and               *
Naturalization Service,                      *
                                             *
                Respondents.                 *

_____

Submitted: June 15, 2001

Filed:  August 30, 2001

_____

Before WOLLMAN, Chief Judge, HEANEY, and BOWMAN, Circuit Judges.

_____

WOLLMAN, Chief Judge.

---

[1]On the court's own motion, United States Attorney General John Ashcroft is substituted for his predecessor Janet Reno. See Fed. R. App. P. 43(c)(2).

[2]On the court's own motion, Commissioner of the United States Immigration and Naturalization Service James W. Ziglar is substituted for his predecessor Doris Meissner. See Fed. R. App. P. 43(c)(2).

Vladimir Ismailov petitions for review of an order of the Board of Immigration Appeals (the Board) denying his application for asylum in the United States. Because we conclude that we lack jurisdiction to review the Board's decision, we dismiss the petition.

**I.**

Ismailov, an ethnic Azerbaijani and a citizen of Russia, entered the United States on a nonimmigrant visa on January 28, 1998. After responding to an advertisement in a Russian-language newspaper in New York, Ismailov took a job in the St. Louis, Missouri, area. He contends that he began searching for a Russian-speaking attorney to assist him with an application for asylum soon after his arrival in United States. When this search proved unsuccessful, Ismailov's supervisor at work provided him with the name of a Russian-speaking attorney in New York, known only as "Leonid," who, it was said, would be able to assist him with his asylum application. Although Ismailov provided Leonid with the relevant documentation in support of his application and spoke with him over the telephone, no application for asylum was ever filed on Ismailov's behalf. Subsequently, both Leonid and Ismailov's supervisor disappeared, as did approximately $4,000 in "legal fees" that were deducted from Ismailov's paychecks.

After Ismailov moved to North Dakota, the Immigration and Naturalization Service initiated removal proceedings, alleging that he was deportable pursuant to 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States longer than permitted, and pursuant to 8 U.S.C. § 1227(a)(1)(C)(i), for working without authorization. At a hearing on November 4, 1999, Ismailov admitted the factual allegations made by the INS, and an immigration judge found him removable on both charges. Ismailov then filed an application for asylum, see 8 U.S.C. § 1158, witholding of removal, see 8 U.S.C. § 1231(b)(3), and, in the alternative, voluntary departure, see 8 U.S.C. § 1229c. At a hearing on December 23, 1999, the immigration judge granted Ismailov the

privilege of voluntary departure but denied his request for asylum and witholding of removal. Although the judge found Ismailov's testimony to be "generally credible," the judge concluded that Ismailov had failed to file his application for asylum within the one year of his arrival in the United States as required by 8 U.S.C. § 1158(a)(2)(B), that he failed to demonstrate extraordinary circumstances to excuse the delay pursuant to 8 U.S.C. § 1158(a)(2)(D), and that he failed to demonstrate that he was the victim of persecution in Russia.

Ismailov appealed the decision of the immigration judge to the Board, arguing that he had been a victim of persecution and was therefore eligible for witholding of removal and for asylum. Additionally, although he conceded that he had not filed his application for asylum within one year of his entry into the United States, he argued that the ineffective assistance of counsel that he had received from Leonid constituted extraordinary circumstances sufficient to excuse the delay pursuant to 8 U.S.C. § 1158(a)(2)(D) and 8 C.F.R. § 208.4(a)(5) ("'extraordinary circumstances' . . . shall refer to events or factors directly related to the failure to meet the 1-year deadline . . . [including] . . . [i]neffective assistance of counsel").

In an order dated August 22, 2000, the Board granted Ismailov's petition for witholding of removal, concluding, contrary to the findings of the immigration judge, that he had demonstrated that it was more likely than not that he would be persecuted because of his ethnic background and skin color if he returned to Russia. The Board dismissed Ismailov's appeal from the denial of his application for asylum, however, concurring with the immigration judge's determination that Ismailov had failed to demonstrate extraordinary circumstances with respect to his failure to file his application within one year of his arrival in the United States. The Board questioned Ismailov's diligence in attempting to re-contact Leonid and his failure to approach INS himself, especially in light of his ability to speak some English and the fact that he was aware of the availability of asylum in the United States. Moreover, with regard to the issue of alleged ineffective assistance of counsel, the Board determined that Ismailov

failed to satisfy the requirements of <u>Matter of Lozada</u>, 19 I&N Dec. 637, 639 (BIA 1988), and 8 C.F.R. § 208.4(a)(5)(iii), which require an alien asserting ineffective assistance of counsel to (1) file an affidavit specifically describing counsel's alleged misconduct; (2) submit evidence that counsel was informed of the allegations of misconduct; and (3) provide evidence that a complaint has been lodged with the appropriate disciplinary authorities regarding the alleged misconduct.

## II.

On petition for review, Ismailov argues solely that the Board erred by finding that he failed to demonstrate extraordinary circumstances sufficient to excuse his failure to apply for asylum within one year of his arrival in the United States. The threshold question we must address is whether we have jurisdiction to review this contention.

The following statutory provisions govern our disposition of this case:

**§ 1158.  Asylum**

**(a)  Authority to apply for asylum**

**(1)  In general**

Any alien who is physically present in the United States or who arrives in the United States, . . . irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title.

**(2)  Exceptions**

. . . .

-4-

**(B) Time limit**

Subject to subparagraph (D), paragraph (1) shall not apply to an alien unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States.

**(C) Previous asylum applications**

Subject to subparagraph (D), paragraph (1) shall not apply to an alien if the alien has previously applied for asylum and had such application denied.

**(D) Changed circumstances**

An application for asylum of an alien may be considered, notwithstanding subparagraphs (B) and (C), if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B).

**(3) Limitation on judicial review**

No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2).

8 U.S.C. § 1158.

The government contends that we do not have jurisdiction to review Ismailov's claim, arguing that § 1158(a)(3) precludes our review of the Board's determination that Ismailov failed to file his asylum application within one year of his arrival in the United States as required by § 1158(a)(2)(B), and the Board's conclusion that he failed to

demonstrate extraordinary circumstances sufficient to excuse the delay pursuant to § 1158(a)(2)(D).

As a general rule, only a showing of "clear and convincing evidence" is sufficient to support a finding that Congress intended to preclude judicial review of an administrative action. See Bd. of Governors of the Fed. Reserve Sys. v. MCorp Fin. Inc., 502 U.S. 32, 44 (1991); see also INS v. St. Cyr, 121 S. Ct. 2271, 2278 (2001) ("[f]or the INS to prevail it must overcome . . . the strong presumption in favor of judicial review of administrative action"). This standard is not a rigid evidentiary test, however, but rather "a useful reminder to courts that, where substantial doubt about the congressional intent exists, the general presumption favoring judicial review of administrative actions is controlling." Block v. Cmty. Nutrition Inst., 467 U.S. 340, 349 (1984). This presumption does not control, however, where congressional intent to preclude judicial review is "fairly discernible" in the detail of the particular legislative scheme. Id. Stated otherwise, the presumption may be rebutted by specific language that is a reliable indicator of congressional intent to preclude judicial review. Id. at 349.

Although Ismailov concedes that § 1158(a)(3) might be read in isolation to preclude our review of his claim, he argues that we have jurisdiction under 8 U.S.C. § 1252(b)(4)(D), which provides that "the Attorney General's discretionary judgment whether to grant relief under section 1158(a) of this title shall be conclusive unless manifestly contrary to the law and an abuse of discretion," and pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), which provides that no court has jurisdiction to review "any other decision or action of the Attorney General the authority for which is specified under this subchapter to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title." Ismailov argues that because these provision conflict with § 1158(a)(3), there is substantial doubt whether Congress intended to bar review of his claim.

We disagree.  Initially, we note that § 1252(a)(2)(B)(ii) simply precludes judicial review of certain actions taken by the Attorney General; it need not be interpreted as an affirmative grant of jurisdiction that conflicts with § 1158(a)(3).  Moreover, it is "fairly discernible" from the structure of the statute that Congress intended to preclude judicial review in this case, see Block, 467 U.S. at 349, and that all three provisions in question can be read to avoid conflict.  The meaning of § 1158(a)(3) is clear:  Congress intended to bar judicial review of decisions made under § 1158(a)(2).  In our view, "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)" is the sort of "specific language that is a reliable indicator of congressional intent to preclude judicial review."  Id.  The more general grant of jurisdiction in § 1252(b)(4)(D) and arguably, in § 1252(a)(2)(B)(ii), can be interpreted to extend only to decisions made pursuant to § 1158(a)(1).  See Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1178-79 (S.D. Fla. 2000).

Furthermore, "the presumption favoring judicial review of administrative action may be overcome by inferences of intent drawn from the statutory scheme as a whole." Block, 467 U.S. at 349.  Here, the structure of the statute in question militates against Ismailov's argument.  Although the statute provides, in general terms, for judicial review of the decisions of the Attorney General, it includes several specific prohibitions on judicial review.  See, e.g. 8 U.S.C. § 1158(a)(3), 8 U.S.C. § 1158(b)(2)(D) (limiting judicial review of the Attorney General's determinations regarding the inadmissibility of aliens implicated in terrorist activity).  To adopt Ismailov's argument would render these provisions meaningless, a result that Congress cannot have intended.

In sum, we conclude that § 1158(a)(3) clearly indicates congressional intent to preclude judicial review of decisions made pursuant to § 1158(a)(2), notwithstanding any other provision in the statute.  Accordingly, we conclude that we have no jurisdiction to address Ismailov's claim that the Board erred by determining that he did not demonstrate extraordinary circumstances related to his untimely application for asylum.

The petition for review is dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.