**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

OLABIMITAN OLAJIDE DANIELS,
                              *Petitioner,*

v.

JOHN ASHCROFT, U.S. Attorney
General,

                              *Respondent.*

No. 02-2064

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A76-461-873)

Submitted: June 5, 2003

Decided: July 10, 2003

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

**COUNSEL**

David Goren, LAW OFFICE OF DAVID GOREN, Silver Spring, Maryland, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Richard M. Evans, Assistant Director, Michael T. Dougherty, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Olabimitan Olajide Daniels, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals ("Board"). The order affirmed, without opinion, the immigration judge's order denying Daniels's applications for asylum and withholding of removal. For the reasons discussed below, we deny the petition for review.

Daniels first claims that the Board erred in affirming the decision of the immigration judge without opinion, after review by a single Board member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(a)(7) (2003). We have reviewed Daniels's challenges to the Board's use of this streamlined procedure and find them to be without merit. *See Georgis v. Ashcroft*, 328 F.3d 962, 2003 WL 21150848, *3 (7th Cir. May 20, 2003); *Mendoza v. United States Attorney Gen.*, 327 F.3d 1283, 1288-89 (11th Cir. 2003); *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003); *Gonzalez-Oropeza v. United States Attorney Gen.*, 321 F.3d 1331, 1333-34 (11th Cir. 2003); *Albathani v. INS*, 318 F.3d 365, 375-79 (1st Cir. 2003).

Next, Daniels challenges the immigration judge's finding that his asylum application was untimely and that he failed to demonstrate a change in circumstances or extraordinary circumstances excusing the late filing. *See* 8 U.S.C. § 1158(a)(2)(B) (2000); 8 C.F.R. § 1208.4(a)(4), (5) (2003). We conclude that we lack jurisdiction to review this claim pursuant to 8 U.S.C. § 1158(a)(3) (2000). *See Tsevegmid v. Ashcroft*, 318 F.3d 1226, 1229-30 (10th Cir. 2003); *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002); *Fahim v. United States Attorney Gen.*, 278 F.3d 1216, 1217-18 (11th Cir. 2002); *Ismailov v. Reno*, 263 F.3d 851, 854-55 (8th Cir. 2001).

Finally, while we have jurisdiction under 8 U.S.C. § 1252(a) to consider Daniels's claim for withholding of removal, we find that he

has waived his right to raise this claim before this court by failing to raise it in his brief on appeal before the Board. *See Farrokhi v. INS*, 900 F.2d 697, 700 (4th Cir. 1990) ("[A]n alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board]'s decision.").

Accordingly, we deny Daniels's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*