UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

FNU WIBOWO,

*Petitioner,*

v.

JOHN ASHCROFT, Attorney General
for the United States,

*Respondent.*

No. 03-1000

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A78-584-183)

Submitted: August 27, 2003

Decided: September 15, 2003

Before WILKINSON, WILLIAMS, and MOTZ, Circuit Judges.

---

Petition dismissed in part and denied in part by unpublished per curiam opinion.

---

### COUNSEL

Caitlin A. Brazill, CATHOLIC CHARITIES IMMIGRATION LEGAL SERVICES, Washington, D.C., for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, David V. Bernal, Assistant Director, Anthony P. Nicastro, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Fnu Wibowo, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals (Board). The order affirmed, without opinion, the Immigration Judge's (IJ) decision denying Wibowo's applications for asylum and withholding of removal.

On appeal, Wibowo asserts that the Board erred in designating his case as appropriate for affirmance without opinion, after review by a single Board member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(a)(7) (2003). This section allows a single Board member to enter an order affirming the result of the IJ's decision if the result reached is correct; any errors are harmless or nonmaterial; and either the issue on appeal is squarely controlled by Board or federal circuit court precedent and does not involve application of precedent to a novel fact situation, or the factual and legal questions raised are so insubstantial that three-member review is not warranted. 8 C.F.R. § 1003.1(a)(7)(ii).

We reject Wibowo's challenges to the Board's use of the procedure in his case based on our finding that summary affirmance was appropriate here under the factors set forth in § 1003.1(a)(7)(ii). In addition, we find Wibowo's objections to the summary affirmance procedure on due process grounds to be without merit. *See Falcon-Carriche v. Ashcroft*, 335 F.3d 1009, 1013-14 (9th Cir. 2003); *Georgis v. Ashcroft*, 328 F.3d 962, 967 (7th Cir. 2003); *Mendoza v. United States Attorney Gen.*, 327 F.3d 1283, 1288-89 (11th Cir. 2003); *Soadjede v. Ashcroft*, 324 F.3d 830, 832-33 (5th Cir. 2003); *Gonzalez-Oropeza v. United States Attorney Gen.*, 321 F.3d 1331, 1333-34 (11th Cir. 2003); *Albathani v. INS*, 318 F.3d 365, 375-79 (1st Cir. 2003); *cf. Khattak v. Ashcroft*, 332 F.3d 250, 253 (4th Cir. 2003) (rejecting a retroactivity challenge to the Board's summary affirmance procedure

and concluding that "allowing summary opinions in clear cases is nothing more than a procedural change that does not affect substantive rights").

We further find that we lack jurisdiction to review Wibowo's contention that he established extraordinary circumstances excusing his failure to timely file his asylum claim. 8 U.S.C. § 1158(a)(3) (2000); *see Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003); *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002); *Fahim v. United States Attorney Gen.*, 278 F.3d 1216, 1217-18 (11th Cir. 2002); *Ismailov v. Reno*, 263 F.3d 851, 854-55 (8th Cir. 2001). We are therefore barred from reviewing the merits of Wibowo's underlying asylum claim.

Finally, upon our review, we conclude that the record supports the IJ's finding that Wibowo did not qualify for withholding of removal because he failed to sustain his burden of proof with respect to his claim that he is ethnically Chinese and a Christian. 8 U.S.C. § 1252(b)(4) (2000); 8 C.F.R. § 1208.16 (2003); *see INS v. Stevic*, 467 U.S. 407, 428-30 (1984).

Accordingly, we dismiss the petition for review as to the determination of Wibowo's ineligibility to seek asylum under 8 U.S.C. § 1158(a) and deny the petition for review as to the remaining claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART AND DENIED IN PART*