<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 03-1641**

———————————

ZIA UL HASSAN,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

———————————

**No. 03-1642**

———————————

LUBNA ZIA,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

———————————

**No. 03-1643**

———————————

MOHAMMAD ZIA,

Petitioner,

versus

JOHN ASHCROFT,

                                                Respondent.

                    ─────────────

On Petitions for Review of an Order of the Board of Immigration
Appeals.  (A76-773-569, A76-773-205, A76-773-376)

                    ─────────────

Submitted:  November 21, 2003       Decided:  December 16, 2003

                    ─────────────

Before LUTTIG, SHEDD, and DUNCAN, Circuit Judges.

                    ─────────────

Petitions denied by unpublished per curiam opinion.

                    ─────────────

Twinckle K. Vaidya, Richard S. Bromberg, Washington, D.C., for
Petitioners. Peter D. Keisler, Assistant Attorney General, Margaret
J. Perry, Senior Litigation Counsel, Jacqueline R. Dryden, Office
of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

                    ─────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Zia Ul Hassan and his wife, Lubna Zia, and son, Mohammad Zia, natives and citizens of Pakistan, petition for review of an order of the Board of Immigration Appeals ("Board"). The order affirmed, without opinion, the immigration judge's order denying their applications for asylum, withholding of removal and protection under the Convention Against Torture. For the reason discussed below, we deny the petitions for review.

The immigration judge found Hassan's and his family's asylum claims were untimely and they failed to offer any explanation to demonstrate a change in circumstances or extraordinary circumstances excusing the late filing of the applications for asylum. See 8 U.S.C. § 1158(a)(2)(B) (2000); 8 C.F.R. § 1208.4(a)(4), (5) (2003). We conclude we lack jurisdiction to review the immigration judge's ruling pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Castellano-Chacon v. INS, 341 F.3d 533, 544 (6th Cir. 2003); Tarrawally v. Ashcroft, 338 F.3d 180, 185-86 (3d Cir. 2003); Tsevegmid v. Ashcroft, 336 F.3d 1231, 1235 (10th Cir. 2003); Fahim v. United States Attorney Gen., 278 F.3d 1216, 1217-18 (11th Cir. 2002); Hakeem v. INS, 273 F.3d 812, 815 (9th Cir. 2001); Ismailov v. Reno, 263 F.3d 851, 854-55 (8th Cir. 2001).[*]

---

[*] Finally, while we do not have jurisdiction to consider the denial of the asylum claims as untimely, we retain jurisdiction to consider the denials of the requests for withholding of removal and protection under the Convention Against Torture as they are not subject to the one-year time limitation. See 8 C.F.R. § 1208.4(a)

Accordingly, we deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED

---

(2003). However, in their brief, Hassan and his family do not specifically challenge the denial of these two forms of relief.