**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 02-2345

LOUIS GUY LANDRY NYONDA,

Petitioner,

versus

JOHN ASHCROFT, U.S. Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals (A78-344-062)

Submitted: September 10, 2003          Decided:  February 3, 2004

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Bokwe G. Mofor, IMMIGRATION LAW CENTER, Silver Spring, Maryland,
for Petitioner. Peter D. Keisler, Assistant Attorney General,
Christopher C. Fuller, Senior Litigation Counsel, Alison Marie
Igoe, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Louis Guy Landry Nyonda, a native and citizen of Gabon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's order denying Nyonda's applications for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Nyonda first challenges the immigration judge's finding that his asylum application was untimely and that he failed to demonstrate a change in circumstances or extraordinary circumstances excusing the late filing. See 8 U.S.C. § 1158(a)(2)(B) (2000); 8 C.F.R. § 1208.4(a)(4), (5) (2003). We conclude that we lack jurisdiction to review this claim pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Castellano-Chacon v. INS, __ F.3d __, 2003 WL 21954648, *7 (6th Cir. Aug. 18, 2003); Tarrawally v. Ashcroft, 338 F.3d 180, 185-86 (3rd Cir. 2003); Tsevegmid v. Ashcroft, 336 F.3d 1231, 1235 (10th Cir. 2003); Fahim v. United States Attorney Gen., 278 F.3d 1216, 1217-18 (11th Cir. 2002); Hakeem v. INS, 273 F.3d 812, 815 (9th Cir. 2001); Ismailov v. Reno, 263 F.3d 851, 854-55 (8th Cir. 2001).

Additionally, while we have jurisdiction under 8 U.S.C. § 1252(a) to consider Nyonda's claims for withholding of removal and protection under the Convention Against Torture, we find that

he has waived his right to raise these claims before this court by failing to raise them before the Board. See Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990) ("[A]n alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board]'s decision.").

Accordingly, we deny Nyonda's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED