<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 03-2167**

―――――――――

KHALID ELHAJ,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

―――――――――

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-505-889)

―――――――――

Submitted:  April 14, 2004          Decided:  April 28, 2004

―――――――――

Before WIDENER, WILKINSON, and DUNCAN, Circuit Judges.

―――――――――

Petition denied by unpublished per curiam opinion.

―――――――――

James A. Roberts, LAW OFFICE OF JAMES A. ROBERTS, Falls Church, Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant Director, Elizabeth J. Stevens, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Khalid Elhaj, a native and citizen of Sudan, petitions for review of the Board of Immigration Appeals' ("Board") order affirming an immigration judge's decision finding that Elhaj's asylum application was untimely filed and denying his applications for asylum, withholding of removal and relief under the United Nations' Convention Against Torture ("CAT"). For the following reasons, we deny Elhaj's petition for review.

Elhaj first argues that the Board erred in utilizing its streamlining regulations in his case, pursuant to 8 C.F.R. § 1003.1(e)(4)(i) (2003). Counsel for the Government responds that the Board's decision was issued pursuant to 8 C.F.R. § 1003.1(e)(5) (2003) and contained no error of fact or law. We agree with the Government's position and find no merit to Elhaj's arguments to the contrary. Moreover, to the extent that Elhaj attacks the constitutionality of the Board's streamlining regulations as a violation of due process, we recently found such a claim without merit. See Belbruno v. Ashcroft, ___ F.3d ___, 2004 WL 603501 (4th Cir. Mar. 29, 2004 (No. 02-2142)).

Next, Elhaj claims the immigration judge erred in finding that his asylum application was not timely filed, and the Board likewise erred in affirming the immigration judge's ruling on this point. We may not review the immigration judge's and the Board's determinations that an asylum applicant has failed to file a timely

- 2 -

application.  Under 8 U.S.C. § 1158(a)(3), the Attorney General's decision regarding whether an alien has complied with the one-year time limit or established extraordinary or changed circumstances justifying waiver of that time limit is not reviewable by any court.  Moreover, a number of other circuits have held that this jurisdiction-stripping provision precludes federal appellate court review.  See Haoud v. Ashcroft, 350 F.3d 201, 205 (1st Cir. 2003); Castellano-Chacon v. INS, 341 F.3d 533, 542-44 (6th Cir. 2003); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003); Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir. 2002); Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1217-18 (11th Cir. 2002); Ismailov v. Reno, 263 F.3d 851, 854-55 (8th Cir. 2001).

Finally, Elhaj contends the Board erred in affirming the immigration judge's adverse credibility finding and the denial of his withholding of removal claim and protection under the CAT.  We have reviewed the immigration judge's and the Board's decisions and conclude that the reasonable adjudicator would not be compelled to decide to the contrary.  See 8 U.S.C. § 1252(b)(4)(B) (2000); Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

Accordingly, we deny Elhaj's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED