**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-2279**

———————

ROSITHA OFFELIA,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-611-603)

———————

Submitted: June 18, 2004                    Decided:   July 6, 2004

———————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Senior Litigation Counsel, William C. Minick, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Rositha Offelia, a native and citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals (Board). The order affirmed, without opinion, the immigration judge's ruling denying Offelia's applications for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Offelia first challenges the immigration judge's finding that her asylum application was untimely with no showing of changed or extraordinary circumstances excusing the late filing. See 8 U.S.C. § 1158(a)(2)(B) (2000); 8 C.F.R. § 1208.4(a)(4), (5) (2004). We conclude that we lack jurisdiction to review this claim pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Tsevegmid v. Ashcroft, 336 F.3d 1231, 1235 (10th Cir. 2003); Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir. 2002); Fahim v. United States Attorney Gen., 278 F.3d 1216, 1217-18 (11th Cir. 2002); Ismailov v. Reno, 263 F.3d 851, 854-55 (8th Cir. 2001).

Offelia next challenges the immigration judge's finding that she failed to meet her burden of proof to qualify for withholding of removal or protection under the Convention Against Torture. Based on our review of the record and the immigration judge's decision, we find that the immigration judge did not err in finding that Offelia failed to show that it is "more likely than not" that she would face torture if returned to Haiti, or show a

"clear probability of persecution."  See 8 C.F.R. 1208.16(c)(2) (2004) (stating that to qualify for protection under the Convention Against Torture, an alien must show that "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal"); Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) ("To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion.").

Accordingly, we deny Offelia's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED