**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1235

ERITREA FISEHAYE,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-469-407)

Submitted:  July 7, 2004                    Decided:  July 30, 2004

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Eritrea Fisehaye, Petitioner Pro Se. Emily Anne Radford, Aviva L. Poczter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Eritrea Fisehaye, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.

Fisehaye challenges the immigration judge's finding that her asylum application was untimely because she failed to show by clear and convincing evidence that she filed her application within one year of the date of her arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude that we lack jurisdiction to review this claim pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Castellano-Chacon v. INS, 341 F.3d 533, 544 (6th Cir. 2003); Tarrawally v. Ashcroft, 338 F.3d 180, 185-86 (3d Cir. 2003); Tsevegmid v. Ashcroft, 336 F.3d 1231, 1235 (10th Cir. 2003); Fahim v. United States Attorney Gen., 278 F.3d 1216, 1217-18 (11th Cir. 2002); Hakeem v. INS, 273 F.3d 812, 815 (9th Cir. 2001); Ismailov v. Reno, 263 F.3d 851, 854-55 (8th Cir. 2001). Given this jurisdictional bar, we cannot review the underlying merits of Fisehaye's asylum claim.

While we do not have jurisdiction to consider the immigration judge's denial of Fisehaye's asylum claim, we retain jurisdiction to consider the denial of her requests for withholding of removal, which is not subject to the one-year time limitation.

See 8 C.F.R. § 1208.4(a) (2004). "To qualify for withholding of removal, a petitioner must show that [s]he faces a clear probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Fisehaye has failed to meet this standard.*

Accordingly, we deny Fisehaye's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

*Fisehaye does not challenge the immigration judge's denial of her request for protection under the Convention Against Torture in her petition for review.