**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-2530**

───────────────

GOSHEYE ABEBE ABOYE,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-349-443)

───────────────

Submitted:  July 9, 2004          Decided:  August 2, 2004

───────────────

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

Aragaw Mehari, Washington, D.C., for Petitioner.  Peter D. Keisler,
Assistant Attorney General, Richard M. Evans, Assistant Director,
Susan K. Houser, OFFICE OF IMMIGRATION LITIGATION, Washington,
D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gosheye Abebe Aboye, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board). The order adopted and affirmed the immigration judge's ruling denying Aboye's applications for asylum and withholding of removal and his request for protection under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Aboye first challenges the Board's finding that his asylum application was untimely with no showing of changed or extraordinary circumstances excusing the late filing. See 8 U.S.C. § 1158(a)(2)(B) (2000); 8 C.F.R. § 1208.4(a)(4), (5) (2004). We lack jurisdiction to review this claim pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Tseveqmid v. Ashcroft, 336 F.3d 1231, 1235 (10th Cir. 2003); Molina-Estrada v. INS, 293 F.3d 1089, 1093 (9th Cir. 2002); Fahim v. United States Attorney Gen., 278 F.3d 1216, 1217-18 (11th Cir. 2002); Ismailov v. Reno, 263 F.3d 851, 854-55 (8th Cir. 2001).

Aboye next challenges the immigration judge's finding that he failed to meet his burden of proof to qualify for withholding of removal or protection under the Convention Against Torture. Based on our review of the record and the decisions of the Board and the immigration judge, we conclude that substantial evidence supports the finding that Aboye failed to show that it is

"more likely than not" that he would face torture if removed to Ethiopia, or that a "clear probability of persecution" entitles him to withholding of removal. See 8 C.F.R. § 1208.16(c)(2) (2004) (stating that to qualify for protection under the Convention Against Torture, an alien must show that "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal"); Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) ("To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion.").

Accordingly, we deny Aboye's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED