**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1002

VICTORIA MINDI AMBA,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-219-544)

Submitted: July 16, 2004                    Decided: August 4, 2004

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Douglas E. Ginsburg, Senior Litigation Counsel, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Victoria Mindi Amba, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Amba contends that she established her eligibility for asylum relief. The record reveals, however, that the Board upheld the immigration judge's denial of asylum relief on the ground that Amba failed to demonstrate by clear and convincing evidence that she filed her application within one year of the date of her arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Castellano-Chacon v. INS, 341 F.3d 533, 544 (6th Cir. 2003); Tarrawally v. Ashcroft, 338 F.3d 180, 185-86 (3d Cir. 2003); Tsevegmid v. Ashcroft, 336 F.3d 1231, 1235 (10th Cir. 2003); Fahim v. United States Attorney Gen., 278 F.3d 1216, 1217-18 (11th Cir. 2002); Hakeem v. INS, 273 F.3d 812, 815 (9th Cir. 2001); Ismailov v. Reno, 263 F.3d 851, 854-55 (8th Cir. 2001). Given this jurisdictional bar, we cannot review the underlying merits of Amba's asylum claim.

While we do not have jurisdiction to consider the Board's denial of Amba's asylum claim, we retain jurisdiction to consider

the denial of her request for withholding of removal, which is not subject to the one-year time limitation. See 8 C.F.R. § 1208.4(a) (2004). "To qualify for withholding of removal, a petitioner must show that [s]he faces a clear probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Amba has failed to meet this standard.

Accordingly, we deny Amba's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED