**Shaheena PAUL, Petitioner,**

v.

**John ASHCROFT, Respondent.**

No. 03–3642.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 12, 2004.

Decided Jan. 11, 2005.

Mark J. Thomas, Thomas & Associates, Chicago, IL, for Petitioner.

George P. Katsivalis, Department of Homeland Security Office of the District Counsel, Chicago, IL, for Respondent.

Before BAUER, MANION and EVANS, Circuit Judges.

## ORDER

Pakistani citizen Shaheena Paul entered the United States in 1993 as a nonimmigrant visitor. When she stayed after her authorization to be here expired, the INS commenced removal proceedings against her. Paul is now trying to remain, arguing that she faces religious persecution in Pakistan, a predominantly Muslim country, because she is a Christian. Her request, in various forms, was denied, and she appeals.

Paul is married and has four children, all of whom are now permanent residents of the United States. Her authorization to stay in the country expired in June of 1994. In October of 1994, the INS initiated removal proceedings. In September of 1995, an immigration judge ordered Paul's deportation after she failed to show up at her hearing. Paul filed a timely request to reopen and reconsider that decision, which the Board of Immigration Appeals granted in July of 1999. Paul then conceded removability but requested asylum, withholding of deportation, and relief under the United Nations Convention Against Torture (CAT).

A hearing was conducted before an immigration judge in January of 2001. Paul testified, as did her husband and cousin. She also submitted documentary evidence regarding general conditions in Pakistan. Paul testified that her entire family experienced great difficulties in Pakistan because they are Christian. Specifically, Paul's father-in-law was imprisoned for 2 months because he set up his own church. Her

husband, Raja Salim Paul, spent 4 years in jail for blasphemy, where he was beaten and denied food. While her husband was incarcerated, Paul ran a video shop that rented and sold Christian videos. Muslims frequently harassed and ridiculed her at the store, but the police refused to intervene. A group of 150 extremists eventually burned down the shop because they suspected Paul of trying to convert others to Christianity.

Paul stated further that Muslims would threw stones at her home to prevent her from putting up Christmas displays. They also disrupted religious functions she attended and harassed her as she walked to and from church services. One time, a group of Muslim boys came to Paul's house and attacked her son, stabbing him in the arm. Paul admitted that she did not publicly criticize the government, nor was she ever tortured or arrested. Paul did not submit any documentary evidence to substantiate her experiences in Pakistan.

Frustrated by conditions in Pakistan and by her family's dire economic status, Paul left the country in 1989 and joined her husband, who was living in France. Their children joined them a year later. While in France, the Pauls owned and operated a coffee shop, but the business eventually failed. They then left France for the United States. Paul twice visited Pakistan, once when she lived in France and again after she arrived in this country.

The immigration judge determined that Paul's application for asylum was untimely under 8 U.S.C. § 1158(a)(2)(B) because it was not filed by April 1, 1997, the statutory deadline for aliens present in the country before April 1, 1996. The judge further concluded that Paul's explanation for filing late—she pleaded ignorance of the requirement—did not qualify as an "extraordinary circumstance" to justify ex-

tending the deadline. *See id.* § 1158(a)(2)(D). The judge alternatively denied Paul's asylum claim on the merits, concluding that her testimony lacked credibility and was unsupported by documentary evidence. The judge also noted that she failed to establish that she was persecuted in the past, as she was never threatened, attacked, or arrested. Nor did she demonstrate a well-founded fear of future persecution because she and her husband returned to Pakistan without incident.

The immigration judge also denied Paul's request for withholding of deportation, concluding that she did not qualify for such relief because she had not met the lesser burden of proving eligibility for asylum. Finally, the judge rejected her claim for relief under the CAT. The Board of Immigration Appeals summarily affirmed the judge's decision. Paul then filed this petition for review challenging the judge's ruling of untimeliness as well as his decisions on the merits.

■ Paul first argues that the immigration judge erred in rejecting her petition for asylum. But we do not have jurisdiction to reassess the issue of the timeliness of her application. After Paul submitted her brief in support of her petition for review, we joined several other circuits in holding that 8 U.S.C. § 1158(a)(3) precludes judicial review over an immigration judge's timeliness determination. *See Zaidi v. Ashcroft,* 377 F.3d 678, 681 (7th Cir. 2004). *See also Nigussie v. Ashcroft,* 383 F.3d 531, 533 (7th Cir.2004); *Vladimirova v. Ashcroft,* 377 F.3d 690, 695 (7th Cir. 2004); *Roy v. Ashcroft,* 389 F.3d 132, 135 n. 2 (5th Cir.2004); *Njenga v. Ashcroft,* 386 F.3d 335, 339 (1st Cir.2004); *Castellano–Chacon v. INS,* 341 F.3d 533, 544 (6th Cir.2003); *Tarrawally v. Ashcroft,* 338 F.3d 180, 185 (3rd Cir.2003); *Tsevegmid v. Ashcroft,* 336 F.3d 1231, 1235 (10th Cir. 2003); *Fahim v. U.S. Atty. Gen.,* 278 F.3d

1216, 1218 (11th Cir.2002); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001); *Ismailov v. Reno*, 263 F.3d 851, 855 (8th Cir.2001).

■ Paul also contends that she is entitled to withholding of removal. *See* 8 U.S.C. § 1231(b)(3). To succeed on such a claim, she must establish a clear probability of future religious persecution. *Niam v. Ashcroft*, 354 F.3d 652, 654 (7th Cir. 2004). Our review is highly deferential. We must uphold the immigration judge's findings if they are supported by substantial evidence, *i.e.*, evidence that is "reasonable, substantial, and probative." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Nigussie*, 383 F.3d at 534. We may overturn the findings only if the evidence compels a contrary conclusion. *Hasanaj v. Ashcroft*, 385 F.3d 780, 781 (7th Cir.2004).

■ Here, the immigration judge's decision was supported by substantial evidence. The judge found Paul's testimony that she suffered past religious persecution incredible because it was vague and inconsistent. For example, she at one point testified that she did not participate in any religious demonstrations but later said that Muslims disrupted Christian rallies that she attended. She also had difficulty remembering when several incidents took place as well as the details of her travel to and from Pakistan. Moreover, her testimony was devoid of documentary support. Indeed, the only nontestimonial evidence demonstrating that Paul is a Christian was her passport and surname. Paul's dubious testimony and the dearth of documentary evidence is more than enough to justify the judge's decision. *See Nigussie*, 383 F.3d at 537–38 (applicant's failure to substantiate questionable testimony can be fatal to claim); *Zaidi*, 377 F.3d at 682 (same). But there is more. As the judge correctly pointed out, even if Paul's testimony were credible, most of the past persecution she described was suffered by members of her family, not by her. *See Tamas–Mercea v. Reno*, 222 F.3d 417, 424 (7th Cir.2000) (persecution suffered by family members may not be imputed to applicant). Paul acknowledged that she was never threatened, beaten, or arrested in Pakistan. And although she was harassed, that is not enough to establish persecution. *See id.; Sofinet v. INS*, 196 F.3d 742, 746 (7th Cir.1999). Finally, the immigration judge's conclusion that Paul did not have a well-founded fear of future religious persecution was supported by substantial evidence. Paul admitted that she returned to Pakistan twice without incident and that she still has several relatives living there who have not been harmed. Moreover, the immigration judge properly relied on the State Department's Profile on Pakistan, which documents improvements made by Pakistan's government in protecting Christians.

Finally, Paul maintains that the immigration judge erred in denying relief under the CAT. But as the government correctly points out, she forfeited this challenge by failing to advance it to the Board of Immigration Appeals. *Castaneda–Suarez v. INS*, 993 F.2d 142, 144–45 (7th Cir.1993). Forfeiture notwithstanding, Paul would not prevail. She failed to establish that it is more likely than not that she would be tortured if removed to Pakistan. 8 C.F.R. § 208.16(c)(2); *Nigussie*, 383 F.3d at 534. Paul was never tortured in the past and has offered no evidence that she is likely to be tortured in the future.

Accordingly, Paul's petition for review is DENIED.