

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2005

# Huang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4137

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Huang v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1484.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1484

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 03-4137 & 04-2879

GUO PING HUANG,
Petitioner

v.

JOHN ASHCROFT, Attorney General of the United States
Respondent

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A78-707-887

Submitted Under Third Circuit LAR 34.1(a): January 10, 2005

Before: ROTH and CHERTOFF*, Circuit Judges, and
RESTANI**, Judge, United States Court of International Trade

(Filed    March 3, 2005  )

OPINION

_____

        * This case was submitted to the panel of judges Roth, Chertoff, and Restani.  Judge Chertoff resigned after submission, but before the filing of the opinion.  The decision is filed by a quorum of the panel.  28 U.S.C. § 46(d).

        ** Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

RESTANI, <u>Judge</u>.

Guo Ping Huang ("Huang") petitions this court for review of an order by the Board of Immigration Appeals (the "BIA"), which denied Huang's application for asylum. We deny the petition for a lack of jurisdiction.

## I.        Procedural and Factual Background

Huang, a native and citizen of the People's Republic of China ("PRC"), filed an application with the Immigration & Naturalization Service ("INS") on August 21, 2000, for asylum under 8 U.S.C. § 1158 (2000), withholding of removal under 8 U.S.C. § 1231(b) (2000), and protection under the Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85 ("Convention Against Torture"). Huang claims that he entered the United States on September 11, 1999, to escape persecution under the PRC's coercive family planning policy, which included his wife's forced sterilization.

On December 26, 2000, the INS issued a notice to appear before an immigration judge, charging Huang with being subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (2000), as an alien present in the United States without being admitted or paroled. Huang conceded that he was subject to removal and renewed his application for asylum, withholding of removal, protection under the Convention Against Torture, or the alternative relief of voluntary departure under 8 U.S.C. § 1229c(b) (2000). On February 26, 2002, the immigration judge denied all of Huang's requests. As to the asylum application, the judge determined that Huang failed to prove that he was in the United States for less than one year prior to filing his asylum application. As to the withholding of removal request, the immigration judge determined that forced sterilization of Huang's wife constituted a fundamental change in circumstances negating Huang's fear of

2

persecution under 8 C.F.R. § 1208.13(b)(1)(i)(A) (2000).[1] Huang appealed to the BIA.

On October 2, 2003, the BIA sustained Huang's appeal with respect to the immigration judge's denial of voluntary departure, but dismissed the remainder of his appeal. Huang filed a timely motion to reconsider his denied requests, arguing that the BIA failed to consider its decision in In re Y-T-L, 23 I & N Dec. 601 (BIA 2003) (holding that an act of forced sterilization does not constitute a changed circumstance sufficient for discretionary denial under 8 C.F.R. § 1208.13(b)(1)). On June 1, 2004, the BIA granted Huang's motion to reconsider, and granted him withholding of removal to the PRC based on his wife's forced sterilization procedure. The BIA rejected Huang's appeal of the immigration judge's denial of asylum, holding that the issuance of Y-T-L did not constitute either "extraordinary circumstances" or "changed circumstances," which would materially alter his persecution claim and toll the one-year asylum application deadline under 8 U.S.C § 1158(a)(2)(D).

On petition for review, Huang argues that the BIA erred in finding his application to be untimely because the Y-T-L decision constitutes changed circumstances which materially affect Huang's eligibility for asylum. See 8 C.F.R. § 208.4(a)(4)(i)(B) (2000) (changed circumstances may include changes in the applicable United States law that creates a reasonable possibility that the applicant may qualify for asylum). Huang asserts that the court must review the BIA's failure to toll the one-year asylum application deadline de novo.

---

[1] The immigration judge also denied Huang's requests for protection under the Convention Against Torture and the alternative relief of voluntary departure. With regard to protection under the Convention Against Torture, the immigration judge determined that Huang failed to demonstrate that it is more likely than not that he would face torture if he were returned to China. As to voluntary departure, the judge determined that Huang was never qualified for this relief.

## II.    Discussion

An alien has the right to apply for asylum pursuant to 8 U.S.C. § 1158(a)(1), although this right is subject to certain exceptions.  See 8 U.S.C. § 1158(a)(2).  The right to apply for asylum is barred, "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States."  8 U.S.C. § 1158(a)(2)(B).  An alien's untimely asylum application may be considered, "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the [1 year] period . . . ."  8 U.S.C. §  1158(a)(2)(D).

Generally, the court has jurisdiction to review the denial of an alien's asylum request.  See 8 U.S.C. § 1252(a)(2)(B)(ii) (2000) (excepting an asylum decision from a provision divesting courts of jurisdiction to review denials of discretionary relief).  To support a finding that Congress intended to preclude judicial review of an administrative action, there must be "clear and convincing evidence," such as that "provided by the language of the statute."  Southern Ry. Co. v. Seaboard Allied Milling Corp., 442 U.S. 444, 462 (1979).  The government argues that the specific language of 8 U.S.C. § 1158(a)(3) precludes the court from reviewing the immigration judge's determination that the issuance of Y-T-L did not constitute "changed circumstances," which would materially alter Huang's persecution claim and toll the one-year asylum application deadline.

The specific language of 8 U.S.C. § 1158(a)(3) states, "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)."  Paragraph 2 includes

the provisions relating to whether "changed circumstances" warrant tolling the one-year time limitation for asylum applications.  <u>See</u> 8 U.S.C. §§ 1158(a)(2)(B), 1158(a)(2)(D).  Accordingly, this court, and other federal circuits addressing the issue, have held that "the language of 8 U.S.C. § 1158(a)(3) clearly deprives us of jurisdiction to review an [immigration judge's] determination that an asylum petition was not filed within the one-year limitations period, and that such period was not tolled by extraordinary circumstances."  <u>Tarrawally v. Ashcroft</u>, 338 F.3d 180, 185 (3d Cir. 2003); <u>see also</u>  <u>Haoud v. Ashcroft</u>, 350 F.3d 201, 205 (1st Cir. 2003); <u>Castellano-Chacon v. INS</u>, 341 F.3d 533, 544 (6th Cir. 2003); <u>Tsevegmid v. Ashcroft</u>, 336 F.3d 1231, 1235 (10th Cir. 2003); <u>Fahim v. U.S. Att'y Gen.</u>, 278 F.3d 1216, 1217 (11th Cir. 2002) (per curiam); <u>Ismailov v. Reno</u>, 263 F.3d 851, 855 (8th Cir. 2001); <u>Hakeem v. INS</u>, 273 F.3d 812, 815 (9th Cir. 2001).

The petition for review is therefore DENIED.