**Jin Yu SHAO, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General John Ashcroft, Respondents.**

**No. 03–4750.**

United States Court of Appeals, Second Circuit.

Jan. 11, 2006.

Yee Ling Poon, Law Offices of Yee Ling Poon (Jay Ho Lee, on the brief), New York, NY, for the Petitioner.

Richard B. Roper, United States Attorney for the Northern District of Texas (Ann C. Roberts, Assistant United States Attorney, on the brief), Lubbock, TX, for the Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. MARK R. KRAVITZ, Judge.[1]

---

1. The Honorable Mark R. Kravitz, United States District Judge, District of Connecticut, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition is **DISMISSED IN PART** and **GRANTED IN PART**, the BIA's decision is **VACATED IN PART** and the case is **REMANDED** to the BIA for further proceedings consistent with this order.

Jin Yu Shao ("Shao"), a native and citizen of the People's Republic of China, petitions for review of a March 25, 2003, order of the Board of Immigration Appeals ("BIA"),[2] dismissing Shao's appeal and sustaining the United States's appeal of a December 17, 1999, decision of the Immigration Judge ("IJ") denying Shao's asylum claim, but granting his claim for withholding of removal.

■ As to Shao's asylum claim, we hold that we lack jurisdiction to review the BIA's determination that Shao failed to file an asylum application within one year of arrival in this country, see Xiao Ji Chen v. United States Dep't of Justice, 434 F.3d 144, 154–55 (2d Cir.2006); 8 U.S.C. § 1158(a)(3), including the BIA's determination that Shao's claim of ineffective assistance of counsel failed to constitute exceptional circumstances for late filing, see id.; see also Ismailov v. Reno, 263 F.3d 851, 854–55 (8th Cir.2001).

■ As to Shao's withholding of removal claim, we agree with the government that it was error for the IJ to equate the burden of proof required for asylum with the burden of proof required for withholding of removal. See INS v. Cardoza–Fonseca, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (holding that the "clear probability" standard for withholding of removal is higher than the standard for asylum, which requires only a "reasonable possibility" of persecution); Carranza–Hernandez v. INS, 12 F.3d 4, 7 (2d Cir. 1993) ("The burden of proof that an alien must meet to be eligible for asylum is lower than that required of an alien who seeks withholding of deportation."). In reversing the IJ's decision, the BIA held that Shao's "subjective fear of forced sterilization" was insufficient to demonstrate he will more likely than not be persecuted if returned to China. Shao presented evidence, however, of more than a subjective fear; he presented evidence supporting an objective finding that he would more likely than not be persecuted, including documentary evidence that he had two children in China (including birth certificates and immunization certificates bearing his name as the father), that he was subjected to fines, that he was notified by the authorities that he was required to submit to a sterilization operation "with severe consequences if he fails to do so on time," that his house was destroyed by the authorities, and that he lost his job, and he submitted a country condition report setting forth China's coercive family planning policies. It remains unclear why the BIA concluded that Shao's evidence did not establish that he would more likely than not be persecuted upon return to China. Rather than venture a guess, we have often remanded where the basis of the BIA's decision is unclear. As aptly stated in SEC v. Chenery Corp., 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1946), "[i]f the administrative action is to be tested by the basis upon which it purports to rest, that basis must be set forth with such clarity as to be understandable. It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive. In other words,

---

2. Board Member Noel A. Brennan dissented from the order of the BIA, without opinion.

[w]e must know what a decision means before the duty becomes ours to say whether it is right or wrong." *Id.* at 196–97, 67 S.Ct. 1575 (internal quotation marks omitted) (quoted in *Zhang v. INS,* 386 F.3d 66, 87 (2d Cir.2004) (Straub, J., dissenting)). As we cannot discern (and therefore review) the basis for the BIA's holding, we grant the petition for review in part, vacate the order of the BIA as to Shao's withholding claim, and remand the case for further proceedings.

The petition for review is therefore **DISMISSED IN PART** and **GRANTED IN PART**, the BIA's decision is **VACATED IN PART**, and the case is **REMANDED** to the BIA for further proceedings consistent with this order.