# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3606

_____

Hanny Wilar,                                    *
                                                *
              Petitioner,                       *
                                                *   Petition for Review of an
       v.                                       *   Order of the Board of
                                                *   Immigration Appeals.
Peter Keisler, Acting Attorney General          *
of the United States of America,                *   [UNPUBLISHED]
                                                *
              Respondent.                       *

_____

Submitted:  September 28, 2007
    Filed:  October 5, 2007

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

       Hanny Wilar, a citizen of Indonesia, petitions for review of an order of the
Board of Immigration Appeals (BIA) affirming an Immigration Judge's denial of his
application for asylum, withholding of removal, and relief under the Convention
Against Torture (CAT).  We deny the petition.

Wilar applied for asylum and related relief claiming that he fears persecution in Indonesia because he is a practicing Christian and ethnically Chinese.[1]  He did not file his application for asylum within one year of arriving to the United States, however, as required by 8 U.S.C. § 1158(a)(2)(B).  The Immigration Judge (IJ) and the BIA both determined that he had failed to present the kind of extraordinary circumstances or material change in eligibility that would warrant accepting his untimely application.  See id. § 1158(a)(2)(D).

We lack jurisdiction to consider Wilar's challenge to this discretionary factual determination.  Id. § 1158(a)(3); Ismailov v. Reno, 263 F.3d 851, 854-55 (8th Cir. 2001).  Although we do have jurisdiction to consider his purely legal argument that the United States is bound by its international obligations to accept his asylum application, see 8 U.S.C. § 1252(a)(2)(D) (limit on judicial review does not apply to questions of law), we find the argument to be without merit.  See  Purwantono v. Gonzales, No. 06-2083, 2007 U.S. App. LEXIS 19552, at *4-5 (8th Cir.  Aug. 17, 2007) (rejecting similar challenge to filing deadline).

We also conclude that substantial evidence supports the BIA's and IJ's determination that Wilar failed to meet his burden of proof for withholding of removal.  See Eta-Ndu v. Gonzales, 411 F.3d 977, 982-83 (8th Cir. 2005) (standard of review).  Wilar testified that he suffered physical harm in Indonesia on one occasion in 1996 when he was beaten up by a Muslim mob, although he did not seek medical attention for his injuries.  The BIA reasonably concluded that this one incident, which was carried out by private citizens, did not amount to persecution, especially since he remained in Indonesia for five more years without further injury.  See Kondakova v. Ashcroft, 383 F.3d 792, 797 (8th Cir. 2004).  Moreover, his family continues to reside in Indonesia unharmed, undermining the reasonableness of his fear of future persecution.  See Krasnopivtsev v. Ashcroft, 382 F.3d 832, 839 (8th Cir.

---

[1]Wilar testified that he is one quarter Chinese.

-2-

2004).  Wilar also failed to present evidence that would compel a conclusion that there is a pattern or practice of persecution against Christian Chinese for which the government bears any responsibility.  See Ming Ming Wijono v. Gonzales, 439 F.3d 868, 874 (8th Cir. 2006) (noting Indonesian government efforts to protect Christian Chinese and general improvement of situation).

Wilar's challenge to the denial of his CAT claim must fail as well.  There is substantial evidence to support the BIA's determination that Wilar did not establish a reasonable fear of torture as the result of government action or acquiescence.  See 8 C.F.R. 1208.18(a)(1); see also Tolego v. Gonzales, 452 F.3d 763, 767 (8th Cir. 2006).

Accordingly, the petition for review is denied.

_____