# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 03-3062

SYED ZAIDI,

*Petitioner,*

v.

JOHN D. ASHCROFT, Attorney General of the
United States of America,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals
No. A76-772-713

ARGUED MAY 19, 2004—DECIDED JULY 26, 2004

Before CUDAHY, RIPPLE and WILLIAMS, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Syed Zaidi is a citizen of Pakistan and a practicing Shia Muslim. He entered the United States in April 1997 as a non-immigrant visitor and overstayed his visa. The Immigration and Naturalization Service (the "INS") commenced removal proceedings against him in July 2000, and Mr. Zaidi applied for asylum in February 2002. The Immigration Judge (the "IJ") determined that Mr. Zaidi's application for asylum was untimely but that he was still eligible for withholding of removal. *See* 8 U.S.C. § 1231(b)(3). The IJ later denied Mr. Zaidi relief; the Board

of Immigration Appeals (the "BIA") affirmed the decision
of the IJ and dismissed his appeal. Mr. Zaidi now seeks
review in this court; he submits that he suffered past pers-
ecution and has a well-founded fear of future persecution.
For the reasons set forth in the following opinion, we deny
the petition for review.

# I
## BACKGROUND

The INS commenced removal proceedings against Mr.
Zaidi in July 2000, but he was able to delay adjudication of
his status for a year-and-a-half while he attempted to im-
migrate to Canada. At one hearing in April 2001, Mr. Zaidi
unequivocally told the IJ that he did not intend to seek
asylum or withholding of removal. In January 2002, Mr.
Zaidi informed the IJ that his application for permanent
residency status in Canada had been "cancelled." The IJ re-
fused any further delay in the removal proceedings. Only
then did Mr. Zaidi announce that he wanted to apply for
asylum in the United States. The IJ granted him one last
continuance to prepare his asylum application and sched-
uled a hearing for three weeks later.

At the asylum hearing, Mr. Zaidi conceded removability
and testified that, if he returns to Pakistan, he will suffer
religious persecution because he is a Shia Muslim. He
testified that an anti-Shia group called the Sipah-e-Sahaba
("SSP") beat him in 1989 because of his religion. However,
he offered no additional details about the beating, except to
say that the incident had prompted him to move to Saudi
Arabia. While living in Saudi Arabia, Mr. Zaidi occasionally
revisited Pakistan. He did not experience another beating on
any of those occasions. He did testify, however, that mem-
bers of the SSP harassed his family during his absence in

1991 and then again in either 1995 or 1996. Mr. Zaidi learned from his family that SSP members had entered his family's home with guns, ransacked the house, and threatened to shoot Mr. Zaidi if they ever found him. Mr. Zaidi also testified that he has relatives who currently live in Pakistan and remain free from harm, but they travel around the country to remain safe.

The IJ determined that Mr. Zaidi's application for asylum was untimely under § 208 of the Immigration and Nationality Act (the "INA"), *see* 8 U.S.C. § 1158(a)(2)(B), because it had not been filed within one year of the applicant's arrival in the United States. The IJ further concluded that Mr. Zaidi had not demonstrated "changed circumstances" or "extraordinary circumstances" that might justify an extension of the deadline. *See id.* § 1158(a)(2)(D). Recognizing that Mr. Zaidi was still eligible for withholding of removal, *see* 8 C.F.R. § 208.3(b), the IJ concluded that, although he found no inaccuracies or inconsistencies in Mr. Zaidi's testimony, Mr. Zaidi had failed to meet his burden of proof and that his claim for relief was undermined by several factors. First, Mr. Zaidi had filed his application only at the last minute when he was unable to delay his removal hearing any longer. A related concern of the IJ was that, just nine months before he decided to seek asylum, Mr. Zaidi had told the judge that he did *not* intend to seek asylum. The IJ also noted that Mr. Zaidi offered nothing but his own testimony to support his claim. Finally, the IJ noted that Mr. Zaidi's family members currently live in Pakistan free from harm. The IJ denied Mr. Zaidi all relief and concluded that the asylum application was "frivolous" and that it was filed for the improper purpose of delaying his inevitable removal. The BIA dismissed Mr. Zaidi's appeal without writing its own opinion.

## II

## ANALYSIS

Before this court, Mr. Zaidi reargues the merits of his asylum claim, but he fails to acknowledge that the IJ found his application untimely. We cannot reach the merits of Mr. Zaidi's asylum claim, however, because we lack jurisdiction to reassess the timeliness of his application. According to the statute setting the one-year time limit, "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2) [of 8 U.S.C. § 1158(a)]." 8 U.S.C. § 1158(a)(3). Paragraph 2 contains the one-year time limit and the exceptions in cases of changed or extraordinary circumstances. *See id.* § 1158(a)(2)(B) & (D). Although there is a " 'strong presumption that Congress did not mean to prohibit all judicial review' of administrative action," *Am. Soc'y of Cataract & Refractive Surgery v. Thompson*, 279 F.3d 447, 452 (7th Cir. 2002) (quoting *Bowen v. Michigan Acad. of Family Physicians*, 476 U.S. 667, 672 (1986)), that presumption can be overcome by " 'clear and convincing evidence' " to the contrary, *id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 141 (1967)). Specific language in a statute that indicates an intent to preclude judicial review satisfies the clear and convincing evidence requirement. *See id.* We now join our sister circuits in holding that the "no court shall have jurisdiction to review" language of § 1158(a)(3) is sufficiently specific to show that Congress intended to preclude judicial review of agency action under § 1158(a)(2). *See Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003); *Castellano-Chacon v. INS*, 341 F.3d 533, 544 (6th Cir. 2003); *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003); *Tsevegmid v. Ashcroft*, 336 F.3d 1231, 1235 (10th Cir. 2003); *Fahim v. United States Attorney Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002) (per curiam); *Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir. 2001); *Ismailov v. Reno*, 263 F.3d 851, 855 (8th

Cir. 2001). Thus, insofar as Mr. Zaidi is pressing his asylum claim on appeal, we lack jurisdiction to answer the antecedent question of whether his application was timely.

Even though his asylum application was untimely, Mr. Zaidi was eligible to request withholding of removal. *See* 8 C.F.R. § 208.3(b); *Niam v. Ashcroft*, 354 F.3d 652, 654 (7th Cir. 2004). He now challenges the IJ's decision not to grant him that relief. A person may receive withholding of removal under section 241(b)(3) of the INA, *see* 8 U.S.C. § 1231(b)(3), if he can establish a "clear probability" that he will suffer persecution if returned to his home country. *Niam*, 354 F.3d at 654 (internal quotation marks and citation omitted). If the applicant can establish that he has been subject to past persecution, there is a presumption, subject to rebuttal by the Government, that the persecution would continue upon the applicant's return. *See* 8 C.F.R. § 208.16(b)(1)(i).

Mr. Zaidi first submits that he has demonstrated past religious persecution because he endured a beating in 1989 that was prompted by his identity as a Shia Muslim. He never has provided even minimal details about the severity of the beating. Without sufficient elaboration, we cannot discern why this single instance ought to be considered of such severity as to constitute persecution. We have said that, although one incident can rise to the level of persecution if it is sufficiently severe, an applicant must offer details about the incident to establish its severity. *See Dandan v. Ashcroft*, 339 F.3d 567, 574 (7th Cir. 2003). Mr. Zaidi simply has not provided sufficient detail to establish that the single alleged beating rises to the level of persecution.

Mr. Zaidi next argues that he has demonstrated a well-founded fear of future persecution. Without elaboration, he contends that the "Immigration Judge failed to consider other important evidence which showed that Zaidi has a well-founded fear of future persecution, especially due to

current countrywide and worldwide developments."
Appellant's Br. at 17. He continues: "The important aspects
of Pakistan's political instability should be given great
weight and deference in determining Zaidi's eligibility for
a granting of asylum." *Id.* Mr. Zaidi does not, however, offer
more specific detail as to what evidence he thinks the IJ
failed to consider. Under the circumstances here, we think that
the IJ was on solid ground in determining that Mr. Zaidi's
own testimony was insufficient to establish that he would
face persecution in Pakistan. Indeed, his testimony was
undermined by the fact that his family remains in Pakistan
unharmed. Although *credible* testimony from an applicant
"may be sufficient to sustain the burden of proof without
corroboration," 8 C.F.R. § 208.16(b), when the IJ "does not
believe the applicant or does not know what to believe, the
applicant's failure to corroborate his testimony can be fatal
to his asylum application." *Chebchoub v. INS*, 257 F.3d 1038,
1042 (9th Cir. 2001) (internal quotation marks and citation
omitted); *see also Capric v. Ashcroft*, 355 F.3d 1075, 1085 n.4
(7th Cir. 2004); *Uwase v. Ashcroft*, 349 F.3d 1039, 1041 (7th
Cir. 2003). In this case, the IJ questioned Mr. Zaidi's credibil-
ity because he had delayed so long in filing his application
and because he previously had asserted that he was not
going to seek asylum. In sum, Mr. Zaidi has not identified
any error in the IJ's conclusion that he failed to meet his
burden of showing a "clear probability" of future persecu-
tion.

Finally, Mr. Zaidi asserts that he was denied a fair asylum
hearing because the IJ gave him only three weeks to pre-
pare. To prevail on a due process claim, Mr. Zaidi must
show prejudice, *see Roman v. INS*, 233 F.3d 1027, 1033 (7th
Cir. 2000), but he has not offered any details about what tes-
timony or corroborative evidence he could have obtained
with more time. Nor has he shown how such evidence
would have changed the outcome of his case. Therefore, Mr.

Zaidi has not shown that he was denied due process by the IJ's scheduling decision.

### Conclusion

For the foregoing reasons, we deny Mr. Zaidi's petition for review.

PETITION FOR REVIEW DENIED

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*