**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-1343**

---

MANG CHRISTIAN NGEMBUS,

                                        Petitioner,

        versus

JOHN ASHCROFT,

                                        Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A96-087-883)

---

Submitted:  September 17, 2004        Decided:  October 26, 2004

---

Before LUTTIG, MOTZ, and DUNCAN, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Mang Christian Ngembus, Petitioner Pro Se. Emily Anne Radford,
Keith Ian Bernstein, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Mang Christian Ngembus, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture.

Ngembus challenges the immigration judge's finding that his asylum application was untimely because he failed to show by clear and convincing evidence that he filed his application within one year of the date of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude that we lack jurisdiction to review this claim pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Ngembus's asylum claim.

While we lack jurisdiction to consider the immigration judge's denial of Ngembus's asylum claim, we retain jurisdiction to consider the denial of his requests for withholding of removal and protection under the Convention Against Torture. See 8 C.F.R. § 1208.4(a) (2004). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467

U.S. 407, 430 (1984)).  To qualify for protection under the Convention Against Torture, a petitioner bears the burden of proof of demonstrating that "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2004).  Based on our review of the record, we find that Ngembus has failed to meet these standards.

Accordingly, we deny Ngembus's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED