**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-2205**

_____

LEDANOFF MUSSOTTE,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals. (A78-153-438)

_____

Submitted: November 17, 2004      Decided: November 30, 2004

_____

Before WILKINSON, WILLIAMS, and DUNCAN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, Mary Jane Candaux, Senior Litigation Counsel, Stephen J. Flynn, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ledanoff Mussotte, a native and citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Mussotte contends that he established his eligibility for asylum relief. The record reveals, however, that the immigration judge denied asylum relief on the grounds that (1) Mussotte failed to demonstrate by clear and convincing evidence that he filed his application within one year of the date of his arrival in the United States, see 8 U.S.C. § 1158(a)(2)(B) (2000), and (2) Mussotte failed to allege any "changed" or "extraordinary" circumstances that would excuse his late filing, 8 U.S.C. § 1158(a)(2)(D) (2000). We therefore lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (holding that section 1158(a)(3) precludes court from reviewing immigration judge's finding that a petition for asylum is barred because untimely)(collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Mussotte's asylum claim.

While we lack jurisdiction to consider the immigration judge's denial of Mussotte's asylum claim, we retain jurisdiction

to consider the denial of his request for withholding of removal.[*] See 8 C.F.R. § 1208.4(a) (2004). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Mussotte has failed to meet this standard.

Finally, Mussotte contends that the Board's decision to adopt and affirm the immigration judge's decision violated his right to due process of law. Mussotte, however, fails to establish either that he was prejudiced by the Board's decision to adopt the reasoning of the immigration judge, see Rusu, 296 F.3d at 324-25 (holding that to prevail on a procedural due process claim, an alien must "show that better procedures are likely to have made a difference in the outcome of his hearing"), or that the Board's summary affirmance was constitutionally deficient, see Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 282-83 (4th Cir. 2004) (finding that Board's affirmance without opinion satisfies due process where immigration judge's opinion may be meaningfully reviewed). We therefore find that he is not entitled to relief on this claim.

---

[*]Mussotte's brief merely asserts, without supporting argument, that the immigration judge erred in denying him protection under the Convention Against Torture. He has therefore waived appellate review of this claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Accordingly, we deny Mussotte's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED