**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1610**

———————

JOSEPH O. YUGI,

                                        Petitioner,

        versus

JOHN ASHCROFT, Attorney General,

                                        Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A75-843-581)

———————

Submitted:  December 17, 2004      Decided:  January 5, 2005

———————

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Randall L. Johnson, JOHNSON & ASSOCIATES, P.C., Arlington,
Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney
General, Linda S. Wendtland, Assistant Director, Luis E. Perez,
OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Joseph O. Yugi, a native and citizen of Kenya, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture.

In his petition for review, Yugi contends that he established his eligibility for asylum relief. The record reveals, however, that the Board and the immigration judge denied asylum relief on the grounds that (1) Yugi failed to demonstrate by clear and convincing evidence that he filed his application within one year of the date of his arrival in the United States, see 8 U.S.C. § 1158(a)(2)(B) (2000), and (2) Yugi failed to allege any "changed" or "extraordinary" circumstances that would excuse his late filing, 8 U.S.C. § 1158(a)(2)(D) (2000). We conclude that we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Yugi's asylum claim.

While we lack jurisdiction to consider the immigration judge's denial of Yugi's asylum claim, we retain jurisdiction to consider the denial of his request for withholding of removal.[*]

_____

[*]Yugi does not challenge the denial of his request for protection under the Convention Against Torture in his opening brief. He has therefore waived appellate review of this claim.

- 2 -

See 8 C.F.R. § 1208.4(a) (2004). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Yugi has failed to meet this standard.

Finally, Yugi contends that the Board's review of his appeal failed to comport with due process. We have reviewed this claim and find it to be without merit. See Settenda v. Ashcroft, 377 F.3d 89, 98 (1st Cir. 2004) (if due process requirements are met when a single Board member issues an affirmance without opinion, such requirements are also met when the Board member issues a brief explanatory order); cf. Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 281 (4th Cir. 2004) (holding that the streamlined affirmance without opinion procedures under § 1003.1(e)(4) comport with the requirements of due process).

Accordingly, we deny Yugi's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).