**Dragan MARIC, Petitioner,**

v.

**Alberto GONZALES,\* Respondent.**

No. 04–2540.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 11, 2005.

Decided Feb. 7, 2005.

Rehearing Denied April 25, 2005.

Godfrey Y. Muwonge, Milwaukee, WI, for Petitioner.

George P. Katsivalis, Department of Homeland Security Office of the District Counsel, Chicago, IL, Larry P. Cote, Department of Justice Civil Division, Immigration Litigation, Washington, DC, for Respondent.

Before POSNER, MANION, and ROVNER, Circuit Judges.

---

\* Pursuant to Fed. R.App. P. 43(c), we have substituted Alberto Gonzales for John Ash-   croft as the named respondent.

## ORDER

Dragan Maric, a Croatian of Serbian descent, appeals a decision of the Board of Immigration Appeals (the "BIA") denying his application for asylum and withholding of removal. We lack jurisdiction over the untimely filed application for asylum, so we restrict our review to the denial of Maric's request for withholding of removal. We affirm.

### I.

Dragan Maric was born in Bosnia in the former Yugoslavia in 1970. His family, who were of Serbian extract, moved to Croatia, where Maric lived for the next twenty years. During that time, Maric went to school at a police academy in Croatia and eventually became a policeman in Zagreb.

In 1991, Croatia seceded from Yugoslavia, and hostilities began between the two countries. After the secession, Maric and other ethnic Serbian police officers were forced to sign an oath of allegiance to Croatia. In 1993, Maric was drafted into the Croatian army and assigned to an all-Serb unit, which served in an area of heavy fighting. While in the army, Maric developed a severe ear infection that spread to his eyes and mouth. He was taken to a military hospital and received a medical discharge from active duty.

After his discharge, Maric resumed his job as a police officer in Zagreb. In November 1993, however, Maric was interrogated for six hours at the police station. Specifically, his interrogators questioned Maric about certain telephone calls made to relatives in Bosnia and Serbia, accusing him of transmitting sensitive information about the police station. Maric was beaten about the head and chest, and he developed a nosebleed from the violent abuse. That same day, Maric's house was ransacked, and he was suspended from the police force.

Maric was soon fired from the Croatian police force on November 26, 1993. The police claimed that he had been transferred to a new station and had failed to report, prompting the dismissal. Maric claimed that he was never informed of the transfer.

After being terminated, Maric left Croatia, first entering the United States in December 1993. His remaining relatives, including his mother, also left Croatia, but went to Serbia. After they left, their house was burned, which Maric attributes to hostility towards his family's ethnicity. Maric returned to Croatia to survey the damage. After a few days, he traveled on to Serbia.

Maric entered the United States again on September 5, 1996, but waited until February 10, 2000, before filing an Application for Asylum and for Withholding of Removal. In March 2002, his application proceeded to a merits hearing in front of an immigration judge ("IJ"), who denied the requested relief in April of 2003.** The IJ found that Maric was barred from seeking asylum because he did not file his application within one year of his arrival in the United States, as required by 8 U.S.C. § 1158(a)(2)(B), and that there were no extraordinary circumstances excusing this failure. With regard to the withholding of removal claim, the IJ concluded that, viewed in context, the one incident of phys-

---

** Although it appears that Maric did not pursue any claim under the Convention Against Torture ("CAT") before the IJ, the IJ's decision did state that Maric's "application for withholding/deferral of removal under Article 3 of the Torture Convention was denied." This decision was affirmed by the BIA. Maric neither requests CAT relief in this court nor argues that he presented this CAT claim earlier.

ical mistreatment could not support the necessary finding of past persecution. The BIA later adopted and affirmed the IJ's decision. Maric appeals the BIA's ruling.

## II.

### A.

■ We first address our ability to review the BIA's decision regarding the timeliness of Maric's application for asylum. § 1158(a)(2) provides a one-year time limit for filing an asylum application. According to 8 U.S.C. § 1158(a)(3), however, "no court shall have jurisdiction to review any determination of the Attorney General under [§ 1158(a)(2)]." The plain language of this section removes our jurisdiction to review a challenge to a timeliness determination. *See Zaidi v. Ashcroft,* 377 F.3d 678, 681 (7th Cir.2004) ("[W]e now join our sister circuits in holding that the 'no court shall have jurisdiction to review' language of § 1158(a)(3) is sufficiently specific to show that Congress intended to preclude judicial review of agency action under § 1158(a)(2)."). Because we lack jurisdiction to review the BIA's ruling that Maric's petition was untimely, we cannot reach the merits of that claim.

### B.

While we cannot review the denial of asylum based on timeliness grounds, § 1158(a)(3) does not preclude our review of the BIA's denial of Maric's request for withholding of removal. *See id.; Nigussie v. Ashcroft,* 383 F.3d 531, 534 (7th Cir. 2004). Because the BIA affirmed the withholding of removal claim without opinion, this court reviews the IJ's decision directly to determine if substantial evidence supports it. *See Vladimirova v. Ashcroft,* 377 F.3d 690, 695 (7th Cir.2004). We may not reverse the IJ's determination unless "we determine that the evidence compels a different result." *Hasanaj v. Ashcroft,* 385 F.3d 780, 781 (7th Cir.2004).

To succeed on a request for withholding of removal, Maric must demonstrate a "clear probability" that his life or freedom would be threatened if he returns to Croatia. *See Lin v. Ashcroft,* 385 F.3d 748, 751 (7th Cir.2004); 8 U.S.C. § 1231(b)(3). Maric can establish this probability by showing that it is "more likely than not" that he will be persecuted in Croatia. *See Vladimirova,* 377 F.3d at 695. If Maric is able to show that he suffered persecution in the past, it gives rise to a rebuttable presumption that his life or freedom would be threatened upon a return. *See id.* To constitute persecution the acts alleged must rise above the level of mere harassment, though they need not be so severe as to constitute threats to life or freedom. *See id.* at 696.

■ In this case, Maric fails to show he was subjected to past persecution. Maric's main allegation is that he was beaten in the head and chest by police after a shift, causing a nosebleed. This was an isolated incident. While not to downplay Maric's mistreatment, we cannot conclude that this act of violence rises to the level of past persecution. *Compare id.* at 696–97 (isolated beating resulting in a miscarriage constituted past persecution), *with Dandan v. Ashcroft,* 339 F.3d 567, 573–74 (7th Cir.2003) (a three-day interrogation resulting in a swollen face from beatings did not constitute past persecution for asylum purposes).*** The evidence simply does not

---

*** "An applicant who cannot meet the burden of showing a well-founded fear of persecution to prove eligibility for asylum necessarily fails to meet the higher burden of showing the probability of persecution required to qualify

compel a finding that Maric suffered past persecution, and so his claim for withholding of removal is unsuccessful.

## III.

This court has no jurisdiction to review Maric's asylum claim, and substantial evidence supports the BIA's denial of the request for withholding of removal. The decision of the Board of Immigration Appeals is AFFIRMED.

for withholding of removal." *Vladimirova,* 377 F.3d at 695.