**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1629

HENDRA WIJAYA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A79-349-295)

Submitted: February 23, 2005          Decided: March 17, 2005

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Anthony M. Briggs, Jr., Springfield, Virginia, for Petitioner. Peter D. Keisler, Assistant Attorney General, Carl H. McIntyre, Jr., Senior Litigation Counsel, John L. Davis, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Hendra Wijaya, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

In his petition for review, Wijaya contends that he established his eligibility for asylum relief. The record reveals, however, that the Board found Wijaya's asylum application untimely. 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude that we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Wijaya's asylum claim.

While we lack jurisdiction to consider the denial of Wijaya's asylum claim, we can review denial of his request for withholding of removal, which is not subject to the one-year time limit on asylum claims. See 8 C.F.R. § 1208.4(a) (2004). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or

---

[*]Wijaya raises no claims concerning the Board's treatment of his Convention Against Torture claim with this court. Therefore, we deem the claim abandoned. See United States v. Al-Hamdi, 356 F.3d 564, 571 n.8 (4th Cir. 2004); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

political opinion." <u>Rusu v. INS</u>, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing <u>INS v. Stevic</u>, 467 U.S. 407, 430 (1984)).  Based on our review of the record, we find that Wijaya has failed to meet this standard.

We deny Wijaya's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>