**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1867**

———————

NOORIA HAMIDI; OMAR HAMIDI,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-513-113; A79-512-955)

———————

Submitted: February 14, 2005          Decided: March 23, 2005

———————

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

James Feroli, IMMIGRATION AND REFUGEE APPELLATE CENTER, Alexandria,
Virginia, for Petitioners. Peter D. Keisler, Assistant Attorney
General, Michael P. Lindemann, Assistant Director, Douglas E.
Ginsburg, Senior Litigation Counsel, Washington, D.C., for
Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nooria Hamidi ("Hamidi") and her son, Omar Hamidi, natives and citizens of Afghanistan, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's order denying Hamidi's applications for asylum, withholding of removal, and protection under the Convention Against Torture. Hamidi is the primary applicant for asylum; the claims of her son are derivative of her application. See 8 U.S.C.A. § 1158(b)(3) (West 1999 & Supp. 2004); 8 C.F.R. § 1208.21(a) (2004).

In her petition for review, Hamidi contends that the Board and immigration judge erred in denying asylum relief on the ground that she failed to demonstrate that she filed her application within one year of the date of her arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude that we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Hamidi's asylum claim.

While we lack jurisdiction to consider the denial of Hamidi's asylum claim, we retain jurisdiction to consider the denial of her requests for withholding of removal and protection under the Convention Against Torture. See 8 C.F.R. § 1208.4(a)

- 2 -

(2004).  "To qualify for withholding of removal, a petitioner must show that [s]he faces a clear probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion."  Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)).  To qualify for protection under the Convention Against Torture, a petitioner bears the burden of proof of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2) (2004).  Based on our review of the record, we find that Hamidi has failed to meet these standards.

Finally, Hamidi contends that the Board rendered its decision in violation of her rights to due process of law.  As Hamidi fails to establish that her rights were "transgressed in such a way as is likely to impact the results of the proceeding," Rusu, 296 F.3d at 320-21, we find that she is not entitled to relief on this claim.

Accordingly, we deny the petition for review.  We note that the Attorney General has filed a motion for summary affirmance in this case.  Because we find that this is not an "extraordinary case" warranting summary disposition, we deny the motion.  See 4th Cir. R. 37(f).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED