UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued June 14, 2005
Decided July 20, 2005

**Before**

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 03-4037

| | |
|---|---|
| CAI LONG HUANG,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A70-900-775 |
| ALBERTO R. GONZALES,<br>Attorney General of the United States,<br>    *Respondent.* | |

**O R D E R**

Cai Long Huang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the decision of an Immigration Judge ("IJ") denying his application for asylum and withholding of removal.  Huang conceded he was removable but requested asylum, claiming he had been persecuted for participating in student protests in Fujian province in support of the Tiananmen Square uprising in 1989.  Because the IJ's cursory opinion provides us with insufficient basis for review, we grant the petition for review and remand for further proceedings.

Huang entered the United States illegally in March 1990.  He applied for asylum in 1993, claiming that he was persecuted for participating in the

"Tiananmen Square Movement" and that he will be persecuted again if he returns. After a five-year delay that is unexplained in the record, the Immigration and Naturalization Service served him with a Notice to Appear, charging him with being removable and referring his application to an immigration judge.

Huang admitted the charge but reiterated his basis for seeking asylum. In a written statement and through testimony, Huang recounted his involvement in student protests in Fujian province between April and June 1989. Then a 16-year-old student in the city of Fuqing, Huang was inspired by news of student protests against the government in Beijing's Tiananmen Square. Led by a schoolteacher, Huang and eight classmates joined thousands of protesters in the nearby city of Fuzhou marching, picketing, and passing out leaflets at four separate rallies. Huang and his classmates were arrested by police for possessing leaflets. He says that police—seeking the names of other protesters—repeatedly kicked him and pulled his hair. They "forcefully struck [his] head on [a] table," causing him to bleed from his "forehead and lower jaws [sic]" and lose consciousness. Huang remained in custody for one month, during which police interrogated him and repeatedly "kick[ed him] around." After his release, he was expelled from school for protesting; this expulsion prevented him from being hired for a job or admitted to another school. When authorities began criminally charging some of the protesters, Huang left home and eventually found work performing manual labor with his brother-in-law. After Huang's teacher and a classmate were charged, convicted, and imprisoned, Huang concluded that his situation was "hopeless" and he fled China, entering the United States two months later.

To corroborate his testimony, Huang presented a document, dated June 20, 1989, and signed by the principal of his school in Fuqing, expelling him for "counter-revolutionary behavior." The document states that Huang spoke out in support of the Tiananmen Square protesters and recruited other students to do the same. Huang also presented an affidavit from his teacher in Fuqing, noting that he recruited Huang and another student to protest against corruption, and that as a result both students were "characterized as counter-revolutionary rioters."

The IJ rejected Huang's claim in a perfunctory opinion that did not address Huang's credibility but simply concluded that he had "not met his burden of establishing eligibility for either asylum or withholding of removal." The Board affirmed without opinion under its streamlining procedure, 8 C.F.R. § 1003.1(e)(4); therefore, we review the IJ's decision directly. *Huang v. Gonzales*, 403 F.3d 945, 948 (7th Cir. 2005).

An IJ must state reasons for denying asylum, *Shahandaeh-Pey v. INS*, 831 F.2d 1384 (7th Cir. 1987), and those stated reasons are the only grounds upon which we may affirm the denial. *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943);

*Mengistu v. Ashcroft,* 355 F.3d 1044, 1046-47 (7th Cir. 2004). If the IJ's decision sidesteps a determination of the alien's credibility and concludes "instead that [he] hasn't carried [his] burden of proof, the reviewing court is left in the dark as to whether the judge thinks the asylum seeker failed to carry [his] burden of proof because [his] testimony was not credible, or for some other reason." *Iao v. Gonzales,* 400 F.3d 530, 534 (7th Cir. 2005). Also, if the IJ's decision lacks a reasoned analysis of the evidence, then we must remand for further proceedings. *Id.* at 533.

The IJ based his conclusion that Huang had not met his burden of proof on three very brief "observations." First, the IJ observed that Huang failed to present "documentation to establish his identity." Second, the IJ noted that Huang's documentary evidence—the expulsion notice and his teacher's affidavit—were undated, unauthenticated, and "not particularly detailed, and fail[ed] to specifically discuss seemingly important aspects of his claim." Third, the IJ faulted Huang for failing to submit "a single document relating to present-day conditions in China, including any evidence which would support his belief that he would be persecuted on account of his alleged participation in demonstrations in Fuzhou over 13 years ago."

We note initially that one of these "observations" is factually incorrect—the documents Huang submitted do bear dates. In addition, to the extent that the IJ found Huang's documentary corroboration to be insufficient to carry his burden of proof, the judge failed to first make a credibility finding regarding Huang's testimony. *See Diallo v. Ashcroft,* 381 F.3d 687, 689 (7th Cir. 2004); *Gontcharova v. Ashcroft,* 384 F.3d 873, 877 (7th Cir. 2004) (application of corroboration rule requires an explicit credibility finding). The IJ's remaining reason for denying asylum was that Huang did not present any documents to show he had a well-founded fear of persecution if forced to return to China. But the IJ completely failed to address Huang's evidence of past persecution; if an alien establishes past persecution, a presumption arises that the persecution would continue upon his return. *See Zheng v. Gonzales,* 409 F.3d 804, 810 (7th Cir. 2005); *Zaidi v. Ashcroft,* 377 F.3d 678, 681 (7th Cir. 2004). That finding is for the IJ (or BIA) to make in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16-17 (2002).

Because the IJ's decision is based on factual misstatements and lacks any analysis of Huang's credibility and evidence of past persecution, it cannot be regarded as reasoned. *See Iao,* 400 F.3d at 533; *Diallo,* 381 F.3d at 699. We therefore GRANT the petition for review and REMAND for further proceedings consistent with this opinion.