**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2161**

———————

LAURENSYAH HO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A95-079-683)

———————

Submitted: July 15, 2005          Decided: August 16, 2005

———————

Before LUTTIG, MICHAEL, and DUNCAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

Stanley J. Ellenberg, LAW OFFICES OF STANLEY ELLENBERG & ASSOCIATES, Philadelphia, Pennsylvania, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Laurensyah Ho, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture.

In her petition for review, Ho contends that the immigration judge erred in denying her requests for withholding of removal and protection under the Convention Against Torture.[1] "To qualify for withholding of removal, a petitioner must show that [s]he faces a clear probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). To qualify for protection under the Convention Against Torture, a petitioner bears the burden of proof of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2005). We find that Ho failed to make the requisite showing before the immigration court to demonstrate her eligibility for either form of relief.

---

[1]Ho correctly notes that we lack jurisdiction to review the immigration judge's finding that her asylum application was untimely filed pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases).

Accordingly, we deny the petition for review.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[2]To the extent that Ho argues that the immigration judge failed to properly develop the record to allow for meaningful appellate review, we find that this argument lacks merit.  Our review of the record reveals that the immigration judge's opinion is thorough, well-reasoned, and adequately explains the basis for the decision.