**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2474

GRACE PETRAL ANYIKE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A96-100-373)

Submitted:  June 22, 2005        Decided:  August 22, 2005

Before WILKINSON, MICHAEL, and MOTZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Danielle Beach-Oswald, NOTO & OSWALD, PC, Washington, D.C., for
Petitioner.  Paul J. McNulty, United States Attorney, Joel E.
Wilson, Assistant United States Attorney, Norfolk, Virginia, for
Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Grace Petral Anyike, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Anyike challenges the immigration judge's finding that she failed to demonstrate that she filed her application within one year of the date of her arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude that we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Anyike's asylum claim.

While we lack jurisdiction to consider the Board's ruling on the asylum claim, we retain jurisdiction to consider the denial of Anyike's requests for withholding of removal and protection under the CAT. See 8 C.F.R. § 1208.4(a) (2005). "To qualify for withholding of removal, a petitioner must show that [s]he faces a clear probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1994)). To qualify for protection under the CAT, a petitioner bears the burden of

demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal."  8 C.F.R. § 1208.16(c)(2) (2005).  Based on our review of the record, we find that substantial evidence supports the Board's finding that Anyike failed to meet these standards.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED