**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-2255**

───────────

SY ISMAILA SAHANDE; VIVIANE AHOU YAO,

                                        Petitioners,

        versus

ALBERTO R. GONZALES, Attorney General,

                                        Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.  (A95-547-375; A95-547-376)

───────────

Submitted:  August 19, 2005          Decided:  October 11, 2005

───────────

Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Sy Ismaila Sahande, Viviane Ahou Yao, Petitioners Pro Se. M. Jocelyn Lopez Wright, Wanda Evans, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sy Ismaila Sahande and Viviane Ahou Yao, natives and citizens of the Ivory Coast, petition for review of an order of the Board of Immigration Appeals (Board) dismissing their appeal from the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture. We conclude that they are not entitled to relief from this court.

In their petition for review, Sahande and Yao contend that they established their eligibility for asylum relief. The record reveals, however, that the immigration judge denied asylum relief on the ground that Sahande failed to demonstrate by clear and convincing evidence that he filed his application within one year of the date of his arrival in the United States, see 8 U.S.C. § 1158(a)(2)(B) (2000), as amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, and failed to allege any "changed" or "extraordinary" circumstances that would excuse his late filing, 8 U.S.C. § 1158(a)(2)(D). We therefore lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (holding that section 1158(a)(3) precludes court from reviewing immigration judge's finding that a petition for asylum is barred because untimely) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Sahande's asylum claim.

Sahande and Yao contend that the Board's decision to adopt and affirm the immigration judge's decision violated their right to due process of law. However, they fail to establish either that they were prejudiced by the Board's decision to adopt the reasoning of the immigration judge, see <u>Rusu v. INS</u>, 296 F.3d 316, 324-25 (4th Cir. 2002) (holding that to prevail on a procedural due process claim, an alien must "show that better procedures are likely to have made a difference in the outcome of his hearing"), or that the Board's summary affirmance was constitutionally deficient, see <u>Blanco de Belbruno v. Ashcroft</u>, 362 F.3d 272, 282-83 (4th Cir. 2004) (finding that Board's affirmance without opinion satisfies due process where immigration judge's opinion may be meaningfully reviewed). We therefore find that they are not entitled to relief on this claim.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>