<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

---

**No. 05-1156**

---

PIERRE MANGA,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-276-104)

---

Submitted: September 28, 2005          Decided: November 1, 2005

---

Before WILKINSON, LUTTIG, and TRAXLER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Paul J. McNulty, United States Attorney, Adam J. Berlin, Special Assistant United States Attorney, Alexandria, Virginia, for Respondent.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Pierre Manga, a native and citizen of Cameroon, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the decision of the immigration judge denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

Manga seeks to challenge the immigration judge's finding that he failed to file his asylum application within one year of the date of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude that we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Manga's asylum claim.

While we lack jurisdiction to consider the Board's ruling on the asylum claim, we retain jurisdiction to consider the denial of Manga's request for withholding of removal. See 8 C.F.R. § 1208.4(a) (2005). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS,

_____

[*]As Manga failed to raise a Convention Against Torture claim before the Board, we lack jurisdiction over any challenge to the denial of such protection. See 8 U.S.C. § 1252(d) (2000); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004), cert. denied, 125 S. Ct. 861 (2005).

296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing <u>INS v. Stevic</u>, 467 U.S. 407, 430 (1984)).  Based on our review of the record, we find that substantial evidence supports the immigration judge's holding, as affirmed by the Board, that Manga failed to meet this standard.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>