**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-1856**

_____

HONG LIN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals. (A96-354-847)

_____

Submitted: January 9, 2006          Decided: January 31, 2006

_____

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

_____

Petition denied in part and dismissed in part by unpublished per curiam opinion.

_____

Hong Lin, Petitioner Pro Se. James Arthur Hunolt, Michele Yvette Francis Sarko, M. Jocelyn Lopez Wright, Wanda Evans, Daniel Eric Goldman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Javier E. Balasquide, Chief Counsel, DEPARTMENT OF HOMELAND SECURITY, Arlington, Virginia, for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Hong Lin, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") adopting and affirming the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.* We deny his petition.

Lin seeks to challenge the Board's finding that he failed to file his asylum application within one year of the date of his arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Lin's asylum claim.

While we lack jurisdiction to consider the Board's ruling on the asylum claim, we retain jurisdiction to consider the denial of Lin's request for withholding of removal. See 8 C.F.R. § 1208.4(a) (2005). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership

---

*Lin has waived any challenge to the Board's denial of relief under the Convention Against Torture by failing to raise the issue in his informal brief. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (citing Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001)); see also 4th Cir. R. 34(b).

in a particular social group, or political opinion." <u>Rusu v. INS</u>, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing <u>INS v. Stevic</u>, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that substantial evidence supports the Board's holding that Lin failed to meet this standard.

Accordingly, we deny the petition for review. We also deny Lin's application to proceed in forma pauperis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED IN PART</u>
<u>AND DISMISSED IN PART</u>
