NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 25, 2007[*]
Decided July 25, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD D. CUDAHY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 06-3222

| | |
|---|---|
| LI YAO LIN, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals |
| *v.* | No. A78 536 856 |
| ALBERTO R. GONZALES, *Respondent*. | |

**O R D E R**

Li Yao Lin applied for asylum, withholding of removal, and relief under the Convention Against Torture, claiming that he was persecuted by officials in his native China when they harassed and abused his parents for illegally adopting a third child in violation of China's family planning policies. The Board of Immigration Appeals denied relief and dismissed the appeal, and Lin now petitions

---

[*] On June 6, 2007, we granted the petitioner's motion to waive oral argument. Thus, the petition for review is submitted on the briefs and the record. *See* Fed. R. App. P. 34(f).

for review of that judgment.  We conclude that the BIA's decision was adequately supported by substantial evidence, and therefore deny the petition.

Lin testified to the following facts at his asylum hearing.  In 1987, when he was seven years old, his parents found a baby girl "while working outside" and "adopted" her.  Ten years later when Lin's parents tried to register the girl as a member of the household, village and family planning officials ordered them to pay a fine, which they refused to do, for adopting her in violation of an unspecified family planning policy.  Lin testified inconsistently about the frequency of visits from the officials, initially asserting that they came to his home monthly from March or April 1997 until December 2001, but later stating that they came only two or three times per year and not at all in 2001.  He then contradicted himself again, stating that they came to his parents' home in June 2001.  According to Lin, during the June 2001 visit he tried to break up a fight between the officials and his father, but the officials hit him "really hard" on his back and lower waist, causing his nose to bleed and his face to swell.  After the neighbors pulled them apart, the officials "warned [Lin] not to get involved" because it was "none of [his] business."  Lin asserted that the officials returned several days later when he was home alone and hit him for two hours until the neighbors again intervened.  He testified that several days later he discovered the village police were on their way to threaten him to "watch out," so he "ran away" to Fuzhou, the capital of Fujian province, where he stayed for five months until he left China.  Lin's parents eventually paid a substantial fine to the family planning officials and have remained in China without further incident.  Nonetheless, Lin testified that the officials asked his father about his whereabouts and he fears they will beat him if he returns to China "[b]ecause [he] was fighting with them before."

The IJ denied Lin's request for relief because Lin failed to file his asylum application within the one-year filing period and no changed or extraordinary circumstances justified any exception to the timeliness requirement.  The IJ also concluded that, even if he was not time-barred, Lin had filed a fraudulent application based on his incredible testimony and unreliable documents.  Alternatively, the IJ found that Lin's fight with family planning officials did not constitute "resistance to a coercive population control program" as defined in 8 U.S.C. § 1101(a)(42) because Lin was "a bystander" whose actions were "merely peripheral."  In any event, the IJ concluded, the incident in which Lin was hit in the face and his nose bloodied did not rise to the level of persecution.  Moreover, Lin did not demonstrate a well-founded fear of future persecution because he was never jailed, authorities never issued a warrant for his arrest, he had no political involvement, and his parents remained in China without incident.

The BIA dismissed the appeal.  The Board vacated the IJ's determination that Lin's asylum application was fraudulent, but it found nonetheless that Lin

failed to show that he suffered persecution or had a well-founded fear of future persecution because his confrontation with family planning officials was not sufficiently severe.

Lin challenges this determination. His principal argument consists of a generalized assertion that his altercation with the officials, resulting in a bloody nose and swollen face, constituted past persecution.

Where, as here, the BIA issues a separate opinion, rather than merely supplementing the IJ's decision, the BIA's opinion becomes the basis for judicial review of the decision challenged by the asylum applicant. *Niam v. Ashcroft*, 354 F.3d 652, 655 (7th Cir. 2004). For purposes of establishing eligibility for asylum, a person who has been forced to undergo an abortion or sterilization, or who has been persecuted for failing or refusing to undergo such procedures "or for other resistance to a coercive population program," is deemed to have been persecuted on account of political opinion. 8 U.S.C. § 1101(a)(42)(B); *Zhu v. Gonzales*, 465 F.3d 316, 321 (7th Cir. 2006). To establish past persecution, "the harm suffered must rise above the level of 'mere harassment' and result from more than unpleasant or even dangerous conditions in [the applicant's] home country." *Zhu*, 465 F.3d at 318.

In this case, Lin failed to provide specific or detailed evidence that his altercation with family planning officials rose to the level of persecution. Though a single occurrence of physical abuse may constitute persecution if it is sufficiently severe, *see Zhu*, 465 F.3d at 319; *Zaidi v. Ashcroft*, 377 F.3d 678, 681 (7th Cir. 2004); *Dandan v. Ashcroft*, 339 F.3d 567, 573 (7th Cir. 2003), the facts here do not compel such a finding. While a bloody nose and swollen face are not inconsequential, they are less severe than the type of injuries we previously have found do not constitute persecution. *See Zhu*, 465 F.3d at 319 (no past persecution when officials kicked and struck petitioner with fists and hit him on the head with a brick, requiring seven stitches); *Dandan*, 339 F.3d at 571, 573-74 (no past persecution when petitioner was held without food, beaten until his face was swollen, and interrogated for three days). Lin's treatment by the officials is more analogous to the two instances of pushing and hair-pulling suffered by the petitioner in *Liu v. Ashcroft*, in which we concluded that this treatment, combined with the ransacking of her home, constituted harassment or abuse rather than persecution. *See Liu v. Ashcroft*, 380 F.3d 307, 313 (7th Cir. 2004).

Lin makes two additional arguments, neither of which have merit. He first asserts that the IJ erred by discrediting him for perceived inconsistencies in his testimony. But the IJ's credibility determination is irrelevant at this point because the BIA explicitly found that "even considering [Lin's] testimony as credible," he failed to demonstrate past persecution or a well-founded fear of future persecution.

Lin also asserts that the IJ erred by finding his asylum application untimely, however the BIA vacated this portion of the IJ's determination.

We therefore DENY the petition for review.