**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1236**

LALU RUSMAYADI,

              Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: September 27, 2010      Decided: October 26, 2010

Before MOTZ, AGEE, and WYNN, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Ronald D. Richey, LAW OFFICE OF RONALD D. RICHEY, Rockville, Maryland, for Petitioner. Tony West, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Aimee J. Frederickson, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lalu Rusmayadi, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals ("Board") denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

Rusmayadi's application for asylum was denied because it was not filed within one year of his arrival in the United States and he failed to show changed or extraordinary circumstances excusing the late filing. Under 8 U.S.C. § 1158(a)(3) (2006), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or has established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases holding that this jurisdiction-stripping provision precludes judicial review). We have held that we lack jurisdiction to review an asylum application denied as untimely. Niang v. Gonzales, 492 F.3d 505, 510 n.5 (4th Cir. 2007). We have also held that we lack jurisdiction to review the immigration judge's discretionary factual determination that the alien failed to establish changed or extraordinary circumstances excusing the late filing of the

2

asylum application. <u>Gomis v. Holder</u>, 571 F.3d 353, 358-59 (4th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 1084 (2010). Because we are without jurisdiction to review the denial of the untimely asylum application, we dismiss the petition for review from that part of the Board's order.

To establish eligibility for withholding of removal, an alien must show a clear probability that, if he was removed to his native country, his "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); <u>see</u> <u>Camara v. Ashcroft</u>, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. <u>INS v. Stevic</u>, 467 U.S. 407, 429-30 (1984). The protected ground must be a central reason for being targeted for persecution. A central reason is one that is more than "'incidental, tangential, superficial, or subordinate to another reason for harm.'" <u>See</u> <u>Quinteros-Mendoza v. Holder</u>, 556 F.3d 159, 164 (4th Cir. 2009) (quoting <u>In re J-B-N-</u>, 24 I. & N. Dec. 208, 214 (BIA 2007)). Unlike asylum, withholding of removal is mandatory for anyone who establishes that their "life or freedom would be threatened . . . because of [their] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A) (2006). A determination regarding eligibility for withholding of removal is conclusive if supported by substantial evidence on

3

the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Additionally, in order to receive relief under the CAT, Rusmayadi must show it "is more likely than not" he will be tortured if he returns to Indonesia. 8 C.F.R. § 1208.16(c) (2010). He must further show the torture will be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2010).

We conclude that the Board's decision denying the applications for withholding from removal and withholding under the CAT is supported by substantial evidence. We note that in addition to the finding that Rusmayadi failed to establish he was targeted because of a protected ground, such as membership in a particular social group, the Board also found Rusmayadi could relocate in Indonesia and avoid the threat of persecution. See 8 C.F.R. § 1208.16(b)(1)(i)(B), (c)(3)(ii). Because this particular finding was not challenged by Rusmayadi in his opening brief, he has waived review by this court. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001). Accordingly, we deny the petition for review from that part of the Board's order denying withholding from removal and withholding under the CAT.

We dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and

4

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART