**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-2282

TINSAYE T. HABTE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-203-894)

Submitted:  March 29, 2006            Decided:  April 7, 2006

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Tinsaye T. Habte, Petitioner Pro Se.  James Arthur Hunolt, M. Jocelyn Lopez Wright, Eric Warren Marsteller, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tinsaye T. Habte, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) adopting and affirming the immigration judge's order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.[*] We deny her petition.

Habte seeks to challenge the Board's finding that she failed to file her asylum application within one year of the date of her arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). We conclude we lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Habte's asylum claim.

While we lack jurisdiction to consider the Board's ruling on the asylum claim, we retain jurisdiction to consider the denial of Habte's request for withholding of removal. See 8 C.F.R. § 1208.4(a) (2005) (one-year time limit on asylum claims does not apply to withholding of removal). "To qualify for withholding of removal, a petitioner must show that he faces a clear probability

_____

[*]Habte has waived any challenge to the Board's denial of relief under the Convention Against Torture by failing to raise the issue in her informal brief. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (citing Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001)); see also 4th Cir. R. 34(b).

- 2 -

of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citations omitted). Based on our review of the record, we find that substantial evidence supports the Board's holding that Habte failed to meet this standard.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED